544 So.2d 307 (1989)
WOLPER ROSS INGHAM & COMPANY, INC., Etc., et al., Petitioners,
v.
Y. Steven LIEDMAN, et al., Respondents.
No. 89-899.
District Court of Appeal of Florida, Third District.
May 30, 1989.
*308 Ferrell, Williams and Douglas L. Williams, Miami, for petitioners.
Stewart, Tilghman, Fox & Bianchi, P.A., and Larry S. Stewart, Miami, for respondents.
Before NESBITT, FERGUSON and JORGENSON, JJ.

ON PETITION FOR CERTIORARI GRANTED
PER CURIAM.
Petitioners, defendants below, seek a writ of common law certiorari contending that the trial court departed from the essential requirements of law in granting the respondents' motion to compel production of certain financial statements reflecting the liabilities and net worth of the petitioners. The discovery relates to the respondents' claims for punitive damages and, accordingly, is governed by section 768.72, Florida Statutes (1987), which provides as follows:
768.72. Pleading in civil actions; claim for punitive damages. 
In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as [to] allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
By its clear terms, the statute requires the respondents to make a showing by proffer or through evidence in the record that some reasonable basis exists to support recovery of punitive damages before the trial court permits a pleading requesting such damages.
The trial court erred in permitting discovery to proceed on the claim for punitive damages without first making a finding that a basis exists for their recovery.[1] The petition for writ of certiorari is granted. The order under review is quashed, and the cause is remanded for further proceedings consistent with the views expressed herein.
Certiorari granted; order quashed.
NOTES
[1] Respondents' argument that the petitioners "waived" the protection of the statute is not well taken. The supreme court has determined that section 768.72, Florida Statutes (1987), creates substantive rights and that the procedural provisions of the section are intertwined with the definition of those substantive rights. Smith v. Department of Insurance, 507 So.2d 1080, 1092 n. 10 (Fla. 1987).