554 So.2d 591 (1989)
Frank WILL, Petitioner,
v.
SYSTEMS ENGINEERING CONSULTANTS, INC., Respondent.
No. 89-1925.
District Court of Appeal of Florida, Third District.
December 19, 1989.
Atlas, Pearlman & Trop and Howard N. Kahn, Fort Lauderdale, for petitioner.
Hogg, Allen, Norton & Blue and Robert L. Norton, Coral Gables, for respondent.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
Petitioner Frank Will, defendant below, petitions for a writ of certiorari to review an order which grants discovery of petitioner's financial worth in connection with respondent/plaintiff Systems Engineering Consultants, Inc.'s claims for punitive damages. We grant the writ and quash the order under review.
In the proceeding below Will moved to strike Systems Engineering's claims for punitive damages. The trial court denied the motion and directed instead that the issue be presented as a motion for partial summary judgment on punitive damages. Systems Engineering contended that the burden of persuasion rested on defendant Will, as the movant, to demonstrate the nonexistence of any disputed issue of material fact with respect to the issue of punitive damages, in accordance with the conventional principles relating to summary judgments. The trial court denied the motion for partial summary judgment and directed Will to provide discovery of his financial worth.
The claim for punitive damages and the order directing the disclosure of financial worth are governed by section 768.72, Florida Statutes (1987), which provides:
In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow *592 the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
Our court has interpreted the statute to place the burden on the plaintiff "to make a showing by proffer or through evidence in the record that some reasonable basis exists to support recovery of punitive damages before the trial court permits a pleading requesting such damages." Wolper Ross Ingham & Co. v. Liedman, 544 So.2d 307, 308 (Fla. 3d DCA 1989). The conventional summary judgment analysis is inapplicable; rather, the burden to show "a reasonable basis for recovery of such damages" is on the plaintiff, not on the defendant. In order to avoid confusion, it would appear preferable to entertain the punitive damage issue by way of a motion to dismiss, or motion to strike, the punitive damage claim, rather than a motion for partial summary judgment.[1]
We therefore quash the order under review and remand for further proceedings consistent herewith.
Certiorari granted; order quashed.
NOTES
[1] The parties have by way of alternative argument invited us to pass on the sufficiency of the evidence pertaining to the punitive damage claims. After careful consideration of the parties' thorough memoranda, we conclude that the issue should be presented to the trial court in the first instance under the standards set forth in section 768.72 and the Wolper Ross decision.