589 So.2d 1334 (1991)
Joseph HENN, Petitioner,
v.
Julie SANDLER and Iris Sandler, Respondents.
No. 91-1091.
District Court of Appeal of Florida, Fourth District.
July 24, 1991.
On Motion for Rehearing November 20, 1991.
H.T. Maloney, of Patterson, Maloney & Gardiner, Ft. Lauderdale, for petitioner.
Wayne Kaplan, of Kaplan & Gaylord, P.A., Boca Raton, for respondents.
On Motion for Rehearing En Banc November 20, 1991.
FARMER, Judge.
In Martin-Johnson Inc. v. Savage, 509 So.2d 1097 (Fla. 1987), the court held that common law certiorari could not be used to review discovery orders in cases involving punitive damages claims. The court held that discovery of the financial information relevant to a punitive damages claim was not so personal or private, or otherwise the kind of important right, that the extraordinary writ should be used in place of plenary review at the end of the case. Most especially, the court held that the discovery of financial worth could not be used as a predicate for pretrial certiorari review of the sufficiency of the pleadings to support such a claim.
Not considered by the Martin-Johnson court, however, because it had not been adopted when the lower courts considered the issue and did not apply to the parties or their claims in that case, was section 768.72, Florida Statutes (1989), which provides as follows:
768.72 Pleading in civil actions; claim for punitive damages. 
In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. *1335 The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
This case presents the question how that statute might have changed the Martin-Johnson holding.
Respondents sued petitioner in a multi-count complaint. Apparently count II alleged fraud, while count IV sought replevin of certain described property. In November 1990, petitioner moved to dismiss the replevin claim on the grounds that it failed to show any basis for possession. That motion was denied. The court did not then consider the sufficiency of any other claim.
In February 1991 respondents served petitioner with discovery requests (interrogatories and a request to produce) seeking financial worth information. Within 30 days petitioner moved for a protective order arguing that the requests were the forms for financial information in dissolution of marriage cases and were thus irrelevant to any issue. At a hearing on March 14th, respondent argued that the discovery was authorized by their claim for punitive damages in the fraud claim. Petitioner countered that "you just can't put in punitive damages. You must have a reason for punitive damages. That's the law today." To this respondents replied that the sufficiency of the fraud claim had been determined at the November hearing. The trial judge, who was a successor judge, relied on that statement. On March 14th the court entered an order denying the motion for a protective order.
Within 10 days of that denial, petitioner moved for reconsideration and supplied the judge with a transcript of the November hearing showing that only the replevin count had been considered. Petitioner expanded on his protective order argument by contending that respondents could not have financial worth discovery until they had first made a showing under section 768.72 of evidence in the record or by proffer that some reasonable basis exists for the recovery of punitive damages. In a separate motion he also asked the judge to strike the claim for punitive damages because of non-compliance with that statute. The court denied both motions on April 4th, and on April 23rd the petition for certiorari was filed.
We first confront the timeliness issue. Obviously the petition was filed within 30 days of the latter, or April 4th, order but was more than 30 days after the March 14th order which initially denied the protective order. On the other hand, the motion to strike the punitive damages claim was first presented March 19th and determined only on April 4th. Moreover, the motion for protective order did not specifically refer to section 768.72, merely to the fact that the discovery requests were irrelevant because they were family law forms. In contrast, the section 768.72 issue was first squarely presented only by the March 19th motion.
Moreover, even if the ruling at the March 14th hearing on the motion for protective order could properly be understood as a section 768.72 determination, we should be quite reluctant to treat it as the final order on the subject because respondents had misled the trial judge with their argument that the November hearing on the replevin count had also considered and determined the sufficiency of the claim for punitive damages. We do not suggest that the misleading was intentional, but the effect is undeniable. Hence we find that the statutory issue has been timely brought to us.
Turning to the critical issue, we read section 768.72 as creating a positive legal right in a party not to be subjected to financial worth discovery until the trial court has first made an affirmative finding that there is a reasonable evidentiary basis for the punitive damages claim to go to the jury. That finding necessarily includes a legal determination that the kind of claim *1336 in suit is one which allows for punitive damages under our law. Thus, to that extent, the legal sufficiency of the punitive damage pleading is also in issue in the section 768.72 setting. Because the supreme court itself has held that section 768.72 creates substantive legal rights and that its procedures are intimately tied to those substantive rights, see Smith v. Department of Insurance, 507 So.2d 1080, 1092 n. 10 (Fla. 1987), we find it difficult to understand how Martin-Johnson can any longer control this issue.
We are not alone in enforcing section 768.72's substantive rights by requiring a factual inquiry into whether the necessary statutory predicate for punitive damages exists before a party can be forced to disclose personal financial worth discovery. In Wolper Ross Ingham & Co. Inc. v. Liedman, 544 So.2d 307 (Fla. 3rd DCA 1989), and Will v. Systems Engineering Consultants Inc., 554 So.2d 591 (Fla. 3rd DCA 1989), the court reached the same conclusion. In Wolper Ross the court reviewed an order compelling discovery. In Will the trial court had directed that the issue be presented by a motion for partial summary judgment, which was then presented by the party opposing the punitive damage claim and later denied. Both of these decisions, of course, were long after Martin-Johnson, but concededly did not mention or refer to that case.
Will suggested that motions to strike are the proper vehicle to bring the issue before the trial court. It found the motion for summary judgment inadequate because of the particularized showing required for that motion. In this case, it is important to note that petitioner raised the issue by a motion to strike and specifically cited both Wolper Ross and Will as authority. That motion was not filed until March 19th and was not decided until April 4th, a fact which we again emphasize to show timeliness under the unusual circumstances here.
There was not much discussion of jurisdiction in either of the third district cases, but in both decisions that court expressly approved the use of certiorari to review the issue. The reasons for such extraordinary review are manifest. If the party had to obey an order compelling a response to the discovery requests and could raise the subject only on an appeal after final judgment, the right would be meaningless. The very circumstance which the legislature sought to eradicate in section 768.72 would be allowed to occur. This is precisely the kind of situation for which certiorari is designed.
We therefore quash the trial court's orders and remand for proceedings consistent with this opinion.
WARNER, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would deny certiorari on the authority of Martin-Johnson v. Savage. See also, Hartford Accident & Indem. Co. v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987) (en banc). There is no reason to conclude that the supreme court was not aware of section 768.72, Florida Statutes, when deciding Martin-Johnson. There also is no reason to assume that the statute represents a change in the law.
Additionally, the petition is untimely filed as to the denial of the protective order. The unauthorized motion for rehearing does not postpone rendition of the discovery order or toll the time for seeking relief from this court.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
We grant respondents' motion for rehearing en banc. Upon consideration by the entire court, we adopt the panel decision as the en banc decision. In all other respects, the pending motions for rehearing are hereby denied. We therefore quash the trial court's orders and remand for proceedings consistent with the panel opinion.
GLICKSTEIN, C.J., and DOWNEY, ANSTEAD, DELL, WARNER, POLEN, GARRETT and FARMER, JJ., concur.
*1337 STONE, J., dissents with opinion, with which LETTS, HERSEY and GUNTHER, JJ., concur.
STONE, Judge, dissenting.
I dissent for the reasons expressed in my dissent to the initial panel decision in this appeal.