KLEIN, Judge.
Petitioner seeks review by certiorari of an order allowing discovery of financial information. Petitioner, a dissolved corporation, argues that financial information is not discoverable in this case, and, if it has to reveal the information, it will have no adequate remedy by final appeal because “the cat will be out of the bag.”
It is not necessary for us to reach the issue of whether the trial court’s order requiring production of financial information departs from the essential requirements of law, because we conclude that the production of financial information by this dissolved corporation is not the type of harm for which certiorari should be granted.
In Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), our supreme court announced that discovery of finances is no longer the type of irreparable harm which will warrant review by certiorari. The court noted that permitting interlocutory review of these types of orders would unduly interrupt trial court proceedings, and that trial courts had the means to limit dissemination of such private information so as to protect a party from embarrassment or undue burden. Id. at 1099-1100.
This court had occasion to construe Martin-Johnson in Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991), and recognized that certiorari should still be granted to review orders prematurely requiring disclosure of financial worth in punitive damage cases, because section 768.72, Florida Statutes (1989), unequivocally prohibits such discovery until after a pleading seeking punitive damages is permitted by the court. There must be evidence in the record to provide a basis for recovering punitive damages before they can be sought. (Although Martin-Johnson did involve a punitive damage claim, section 768.72, which did not become effective until July 1, 1986, was neither applicable nor discussed in Martin-Johnson.)
Because we receive so many petitions for certiorari from orders allowing discovery of financial information in cases which do not involve punitive damages, we take this opportunity to observe that prior to our supreme court deciding Martin-Johnson, the appellate courts of this state would routinely grant certiorari to quash orders requiring discovery of financial information where that information should not have been subject to discovery. In Martin-Johnson our supreme court narrowed the circumstances in which certiorari should be granted by holding that the production of financial information, in and of itself, would no longer be a basis for granting certiorari.
*475 The petitioner makes no argument in this case that the information it has been ordered to produce is protected by statute as in Henn, or by privilege such as work product, attorney-client, or physician-patient. Petitioner’s sole basis for requesting protection is that this was financial information. We therefore deny the petition.
LETTS and WARNER, JJ., concur.