619 So.2d 367 (1993)
KEY WEST CONVALESCENT CENTER, INC., etc., et al., Petitioners,
v.
Dinny DOHERTY, etc., Respondent.
No. 93-251.
District Court of Appeal of Florida, Third District.
May 25, 1993.
Rehearing Denied June 22, 1993.
*368 Wolpe Leibowitz Berger & Brotman and Steven R. Berger and Bradley H. Trushin, Miami, for petitioners.
McLean and Schecht and Kevin A. McLean, Tampa, for respondent.
Before HUBBART, JORGENSON and COPE, JJ.
JORGENSON, Judge.
This is a petition for a writ of certiorari seeking to quash an order granting a motion for leave to amend to add a claim for punitive damages under section 400.023, Florida Statutes (1991). We grant the petition, quash the order under review, and remand for further proceedings.
Petitioners, Key West Convalescent Center, Inc., and Care Management, Inc., are defendants in an action based on alleged violations of section 400.022, Florida Statutes (1991), which sets forth the basic standards for nursing home facilities. Respondent, Dinny Doherty, as personal representative of the estate of Homer Sherwood, filed a motion for leave to amend the complaint to add a claim for punitive damages. In support of the motion, the Respondent filed the affidavit of Dr. D.W. Frazier in which Dr. Frazier opined that the Petitioners had failed to provide adequate nursing home care as required by section 400.022. The trial court granted the motion and found that under section 400.022 a claim for punitive damages is "allowed without pleading or proving malicious, wanton or willful disregard of the rights of others." The court further found that the affidavit provided a sufficient basis to add the punitive damages claim. The Petitioners were subsequently served with interrogatories containing questions regarding their financial worth, net income, and gross assets. Respondent agreed to stay all discovery pending resolution of this proceeding.
The Petitioners argue that the trial court's order infringes on their substantive right not to be subjected to financial worth discovery until the trial court makes a finding that there is an evidentiary basis for a punitive damages claim as provided for in *369 section 768.72, Florida Statutes (1991).[1] We agree and hold that section 400.023 should be interpreted to allow recovery of punitive damages for any violation of section 400.022 only where such recovery is warranted under Florida law.
Section 400.023 allows the recovery of "actual and punitive damages for any deprivation or infringement on the rights of a resident" provided for in section 400.022. Section 400.023, Fla. Stat. (1991). The trial court interpreted this section to mean that a claim for punitive damages is allowed without pleading or proving malicious or willful disregard of the rights of others. The trial court's interpretation of section 400.023 conflicts with the requirements of section 768.72 which specifically provides that "[i]n any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Section 768.72, Fla. Stat. (1991). Section 768.72 creates "a positive legal right in a party not to be subjected to financial worth discovery until the trial court has first made an affirmative finding that there is a reasonable evidentiary basis for the punitive damages claim to go to the jury." Henn v. Sandler, 589 So.2d 1334, 1335 (Fla. 4th DCA 1991); see Wolper Ross Ingham & Co. v. Liedman, 544 So.2d 307 (Fla. 3d DCA 1989) (holding that party seeking punitive damages is not entitled to financial worth discovery until the party complies with section 768.72). The trial court's interpretation of section 400.023 also conflicts with well established principles regarding recovery of punitive damages. Under Florida law, the character of negligence necessary to sustain an award of punitive damages must be willful, wanton, and intentional misconduct sufficient to sustain a conviction for manslaughter. Chrysler Corp. v. Wolmer, 499 So.2d 823 (Fla. 1986); White Constr. Co. v. Dupont, 455 So.2d 1026 (Fla. 1984); U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983).
Dr. Frazier's affidavit provides an insufficient basis to add the claim for punitive damages, as it failed to establish a reasonable basis for recovery of punitive damages. Section 768.72, Fla. Stat. (1991). We grant the writ, quash the order under review, and remand for further proceedings consistent with this opinion.
NOTES
[1] Certiorari is an appropriate remedy where a trial court permits financial worth discovery without first finding that a reasonable basis exists for recovery of punitive damages. Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991); Will v. Systems Eng'g Consultants, Inc., 554 So.2d 591 (Fla. 3d DCA 1989); Wolper Ross Ingham & Co. v. Liedman, 544 So.2d 307 (Fla. 3d DCA 1989).