651 So.2d 816 (1995)
BEVERLY ENTERPRISES-FLORIDA, INC., d/b/a Beverly Gulf Coast-Florida, Inc., d/b/a Wellington Manor Nursing Home, Petitioner,
v.
The ESTATE OF Margaret MAGGIACOMO, deceased, By and Through the Personal Representative, Douglas B. STALLEY, Respondent.
No. 94-03823.
District Court of Appeal of Florida, Second District.
March 10, 1995.
Gregory G. Frazier of Parenti, Falk, Waas & Frazier, P.A., Tampa, and Gail Leverett Parenti of Parenti, Falk, Waas & Frazier, P.A., Coral Gables, for petitioner.
David R. Gemmer of Wilkes and McHugh and Bennie Lazzara of Lazzara and Paul, P.A., Tampa, for respondent.
*817 PATTERSON, Judge.
Beverly Enterprises-Florida, Inc. (Beverly) seeks certiorari review of the trial court's order permitting an amendment to a complaint to add a claim for punitive damages. We have jurisdiction. See Manor Care of Fla., Inc. v. Olt, 620 So.2d 1297 (Fla. 2d DCA 1993).
Douglas Stalley, as the personal representative of the estate of Margaret Maggiacomo, sued Beverly and sought damages for the deprivation of Mrs. Maggiacomo's nursing home rights, pursuant to section 400.023, Florida Statutes (1993). The specific misconduct alleged is the theft of a diamond ring from Mrs. Maggiacomo's finger. The complaint asserts that a nurse's aid forcibly removed the ring, resulting in bruising to Mrs. Maggiacomo's finger. No arrest was made and Mrs. Maggiacomo subsequently died of unrelated causes.
To amend a complaint to add a claim for punitive damages, the plaintiff must provide evidence of acts which prima facie show a malicious, wanton, or willful disregard of the rights of others. Key West Convalescent Ctr., Inc. v. Doherty, 619 So.2d 367 (Fla. 3d DCA 1993). To sustain this burden, Stalley relied on Mrs. Maggiacomo's medical chart which reflected that the ring was missing and the finger was bruised and a police report which stated that an employee was a suspect.
These facts are totally inadequate to sustain a claim for punitive damages against an employer based on vicarious liability. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981). We therefore grant the petition for writ of certiorari and quash the trial court's order permitting the amendment of the complaint to add a claim for punitive damages.
CAMPBELL, A.C.J., and PARKER, J., concur.