BLUE, Acting Chief Judge.
Wal-Mart Stores, Inc., seeks cer-tiorari review of an order denying its motion to strike a claim for punitive damages and an order compelling discovery of financial worth information. We have jurisdiction. See Manor Care of Fla., Inc. v. Olt, 620 So.2d 1297 (Fla. 2d DCA 1993); Beverly Enters. - Fla., Inc. v. Estate of Maggiacomo, 651 So.2d 816 (Fla. 2d DCA 1995). But see Globe Newspaper Co. v. King, 643 So.2d 676 (Fla. 1st DCA 1994) (certifying conflict on whether certiorari is appropriate to review orders related to punitive damages claims), review granted, 651 So.2d 1193 (Fla.1995). Because the complaint and evidence do not establish a reasonable basis for the recovery of punitive damages, we grant the writ and quash the orders under review.
George Kordon was employed by Wal-Mart and was fired after he was observed consuming store merchandise. He filed suit against Wal-Mart for defamation based on comments allegedly made by Wal-Mart employees regarding his termination. In his second-amended complaint, filed with leave of court, Kordon added a claim for punitive damages. Wal-Mart moved to strike the punitive damages claim, arguing that it was not supported by the evidence. The trial court denied the motion to strike and granted Kordon’s motion to compel Wal-Mart to produce a statement of net worth, including a list of all assets and liabilities. Wal-Mart timely filed petitions for certiorari as to both orders.
To support a claim of punitive damages, a party must commit “willful, wanton, and intentional misconduct.” Key West Convalescent Ctr., Inc. v. Doherty, 619 So.2d 367, 369 (Fla. 3d DCA 1993). To hold a corporate employer vicariously liable for punitive damages, there must be some fault on the employer’s part in addition to the willful and wanton employee misconduct. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981). We have examined the record and conclude that it is insufficient to support a claim for punitive damages. Therefore, the trial court erred in denying the motion to strike.
Accordingly, we grant certiorari, quash the subject order, and direct the trial court to strike the punitive damages claim. Because the financial information is relevant only to the claim for punitive damages, the order compelling disclosure is also quashed. Our ruling is without prejudice to subsequent amendment of this claim and financial worth discovery if Kordon presents factual allegations and produces new evidence sufficient to sustain a claim of punitive damages.
Certiorari is granted and the matter remanded with directions for further proceedings consistent with this opinion.
FULMER and QUINCE, JJ., concur.