ALTENBERND, Acting Chief Judge,
concurring.
If I were writing on a clean slate, I would dismiss this proceeding without reaching the merits because I do not believe the Florida Constitution gives district courts of appeal certiorari jurisdiction to review the merits of an order that simply grants a plaintiff permission to amend a complaint to allege punitive damages. See Simeon, Inc. v. Cox, 655 So.2d 156 (Fla. 5th DCA 1995). Certiorari is an extraordinary writ derived from the common law, but now expressly authorized by article V, section 4(b)(3), of the Florida Constitution. In 1956 when the district courts were created as a constitutional body, in 1968 when the voters last ratified the constitution, and in 1972 when article V was revised, there was no dispute that a court had the power to issue a writ of certiorari only to remedy nonjurisdictional errors that (1) were a departure from the essential requirements of the law, (2) would result in material injury throughout the remainder of the proceedings if not corrected through a writ of certiorari, and (3) were irreparable on postjudgment appeal. Kauffman v. King, 89 So.2d 24 (Fla.1956); Gulf Cities Gas Corp. v. Cihak, 201 So.2d 250 (Fla. 2d DCA 1967); Girten v. Bouvier, 155 So.2d 745 (Fla. 2d DCA 1963). The supreme court in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla.1987), remained faithful to that definition and rejected any argument that a petitioner’s privacy interest required a change in certiorari jurisdiction. Although I agree that the constitutional concept of certiorari is sufficiently flexible to accommodate some changes in our society and in our legal system, punitive damages were a recognized concept in 1956 and errors involving those damages were then, and are now, correctable on post-judgment appeal. Neither the district courts nor the legislature is entitled to redefine “certiorari” to eliminate a basic requirement essential to relief pursuant to that extraordinary writ.
I am not, however, writing on a clean slate. Two panels from this court have expressly relied upon certiorari jurisdiction to quash similar circuit court orders. Beverly Enterprises-Florida v. Maggiacomo, 651 So.2d 816 (Fla. 2d DCA 1995); Manor Care of Fla., Inc. v. Olt, 620 So.2d 1297 (Fla. 2d DCA 1993). A third panel has reviewed a comparable order under a theory of appellate jurisdiction that was not explained in the opinion. Dolphin Cove Ass’n v. Square D. Co., 616 So.2d 553 (Fla. 2d DCA 1993). I would request this court to review the issue en banc, except the issue will soon be resolved by the supreme court. See Globe Newspaper Co. v. King, 643 So.2d 676 (Fla. 1st DCA 1994), review granted, 651 So.2d 1193 (Fla.1995).
Even if the constitution did not limit our power in such matters, I would hesitate to review this type of issue at this early stage in the proceedings. This case is a good example of the problem created by premature appellate jurisdiction. The facts are complex and disputed. The appendix provided by the parties is extensive. The plaintiff appears to have one or more causes of action against the defendants. Beyond a claim for breach of contract, the plaintiff alleges a separate independent tort based upon duties outside the contractual relationship. As to the defendants other than Guarantee Trust Life Insurance Company, the evidentiary basis necessary merely to plead punitive damages seems well established. As to Guarantee Trust, both the existence of the disputed cause of action and the availability of punitive damages seem to be close issues. At this point, however, I cannot hold that the trial judge departed from the essential requirements of the law by permitting an amendment to the pleadings.
In the trial court, these difficult issues can be explored in discovery and, if necessary, *961 further argued at trial. Realistically, few cases with such pretrial issues actually require a plenary appeal on a complete and fully developed record. This type of extraordinary proceeding tempts the appellate judiciary to create precedent on issues that have not been fully developed in the common law tradition. Thus, I concur in the denial of this petition and see no justification for the supreme court to expand our interlocutory jurisdiction to include these issues.[1] Although a simple denial of a petition for writ of certio-rari is not construed as passing upon any of the issues, Keay v. City of Coral Gables, 236 So.2d 133 (Fla. 3d DCA 1970), I would have preferred to dismiss the petition.

. If the supreme court were to expand our nonfi-nal jurisdiction to include a pretrial review of punitive damages, that review might be better performed on an order denying the defendant’s motion for summary judgment on the issue of punitive damages rather than on the plaintiff's motion to amend the complaint.