689 So.2d 366 (1997)
Veronica SOLIS and Danilo Solis, Appellants,
v.
Ingrid CALVO, Appellee.
No. 95-3585.
District Court of Appeal of Florida, Third District.
February 19, 1997.
*367 H. Scott Hecker, Ft. Lauderdale, for appellants.
Erwin Diaz-Solis and Mathew K. McDowell, Miami, for appellee.
Before JORGENSON and SHEVIN, JJ., and BARKDULL, Senior Judge.
BARKDULL, Senior Judge.
The appellee and plaintiff below Ingrid Calvo filed a complaint against the appellants Veronica and Danilo Solis alleging fraud in the inducement and conspiracy to defraud. Veronica Solis is Ingrid Calvo's cousin and she and her husband Danilo Solis operated travel agencies in Miami and Nicaragua. Calvo was planning a trip to Nicaragua and she asked Veronica to prepare a power of attorney naming Calvo's mother as guardian of Calvo's children in the event something happened to Calvo. A power of attorney was executed which contained additional language giving Danilo Solis the power to act as Calvo's representative in any judicial forum. Calvo signed the document, but later claimed that she had not requested or authorized this language. Danilo Solis took this power of attorney to Nicaragua and used it to transfer property belonging to Calvo to an individual by the name of Carmona. Calvo testified that she had never given any such instruction to Solis and did not know any person by the name of Carmona. Calvo subsequently brought suit in Nicaragua to recover the property. Calvo also filed suit in Dade Circuit Court against the Solis' alleging fraud in the inducement and conspiracy to defraud.
Calvo's complaint contained a claim for punitive damages. Just prior to jury selection, counsel for Calvo told the judge that he was seeking punitive damages and explained the facts of the case. The judge asked whether there had been a hearing on the entitlement to punitive damages. Counsel for Calvo answered that there had been no hearing and that opposing counsel had never filed a motion to strike the claim for punitive damages. Counsel for Solis voiced no objection to the claim for punitive damages at this time and the judge proceeded to pick the jury. After the close of all the evidence, counsel for Calvo raised the issue of punitive *368 damages and requested that the judge clarify his previous ruling. The judge stated that the claim for punitives would remain on the verdict form. Counsel for the defendants did not object to this ruling. Later, during a discussion with the court concerning jury instructions, counsel for the defendants stated that the punitive damage instruction that involved the indifference to rights of others should remain on the verdict form and would apply in this case. The jury subsequently awarded Calvo $37,500 in punitive damages, in addition to a sum which equaled the market value of the property and the expenses incurred while attempting to recover the property. That judgment is the subject of this appeal.
The appellants assert four grounds for reversal. The first is the contention that the trial court erred in permitting the punitive damage claim to be submitted to the jury without first holding an evidentiary hearing. This claim is based upon Florida Statute section 768.72 (1995) which provides in part:
In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by the Claimant which would provide a reasonable basis for recovery of such damages. The Claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the Rules of Civil Procedure. The Rules of Civil Procedure shall be liberally construed so as to allow the Claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
The Florida Supreme Court has held that this section, although procedural in nature, creates a substantive legal right not to be subjected to a punitive damage claim and the ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages. Simeon, Inc. v. Cox, 671 So.2d 158, 160 (Fla.1996); Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995). The Court has also held that certiorari is appropriate to review whether a trial judge has complied with the procedural requirements of the section, but it is not so broad as to encompass review of the sufficiency of the evidence when the trial judge has complied with the procedural requirements of the section 768.72. Simeon at 160. This is due to the fact that a plenary appeal cannot restore the appellant's right not to be subjected to a punitive damage claim, in particular the often burdensome financial worth discovery. Consequently, if the procedures of the statute have not been followed, a defendant generally moves to strike or dismiss the punitive damage claim and if the motion is denied, then brings a petition for certiorari review. In these cases, the appellate courts will grant the petition if the procedures have not been followed. Potter v. S.A.K. Development Corp., 678 So.2d 472 (Fla. 5th DCA 1996); Walt Disney World Co. v. Noordhoek, 672 So.2d 98 (Fla. 3d DCA 1996); Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA), review denied, 642 So.2d 1363 (Fla.1994); Aerovias Nacionales De Colombia v. Tellez, 596 So.2d 1193 (Fla. 3d DCA 1992); Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991); Wolper Ross Ingham & Com., Inc. v. Liedman, 544 So.2d 307 (Fla. 3d DCA 1989).
In this case however, the defendant never objected to the punitive damage claim and never moved to strike or dismiss the claim.[1] The claim was included in both the initial and the amended complaint and it is apparent that the defendants had ample notice of the claim since there was a discussion with the trial court concerning the issue early on in the case. The plaintiffs never requested any financial worth discovery and none was ever taken. In addition, counsel for the defendants admitted that the facts of the case supported the punitive damage instruction that was ultimately placed on the verdict form. Therefore, we are of the view that a reversal of the punitive damage award at this juncture is not warranted. The protection *369 afforded by the statute is the right not to be subjected to the burdens of defending punitive damage claims. The defendants apparently did not feel that they were burdened enough by the punitive damage claim to file a motion to strike and they admitted to the judge that the facts supported punitive damages. The jury found that punitive damages were justified under the facts of the case and so that judgment should only be reversed if the punitive damage claim was not supported by sufficient evidence in the first instance. Otherwise, a defendant would be able to sit back and wait to see if punitive damages were awarded, all the while maintaining a basis for reversal (and a second trial on damages) in hand. We find that there was ample evidence in the record[2] which would support a punitive damage claim in this case.[3]
The appellant next contends that the trial court erred in not dismissing the complaint pursuant to the doctrine of forum non conveniens because the plaintiff and the defendants were citizens of Nicaragua and the transfer of the subject property occurred in Nicaragua. We disagree. Although the Florida Supreme Court has recently adopted the federal doctrine of forum non conveniens, see Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996), that case is inapplicable because the trial in this case was concluded and the appeal filed prior to that decision. Id. at 94 ("our holding today shall apply to all actions not yet final at the trial level ..."). The pre-Kinney law that applies in this case is Houston v. Caldwell, 359 So.2d 858 (Fla.1978), which states that a dismissal on the basis of forum non conveniens is not proper when one of the parties is a resident of Florida. In this case, Veronica Solis was a citizen and twenty-five year resident of Florida and she and her husband operated a travel agency in Miami. Many of the witnesses resided in Miami and the fraudulent preparation of the power of attorney occurred in Florida. Under these facts, a dismissal under Houston was certainly not required and in fact, it is doubtful if it would even be mandated under Kinney.
We find the other two points raised by the appellant to be without merit. See § 90.608(1), Fla.Stat. (1995); Gibson v. State, 661 So.2d 288 (Fla.1995); Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993); Jackson v. State, 603 So.2d 670 (Fla. 4th DCA 1992); Florida East Coast Ry. Co. v. Shulman, 481 So.2d 965 (Fla. 3d DCA 1986).
Affirmed.
NOTES
[1] A motion to dismiss or to strike is the proper vehicle to bring the issue before the trial court. Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991); Will v. Systems Eng'g Consultants, Inc., 554 So.2d 591 (Fla. 3d DCA 1989).
[2] Pursuant to Florida Statute section 768.72 (1995), a punitive damage claim can be supported by a proffer of evidence. A formal evidentiary hearing is not mandated by the statute. Strasser v. Yalamanchi, 677 So.2d 22 (Fla. 4th DCA 1996).
[3] See Perlman v. Prudential Ins. Co. of America, Inc., 686 So.2d 1378, 1380-82 (Fla. 3d DCA 1997) citing Cruise v. Graham, 622 So.2d 37 (Fla. 4th DCA 1993)(A fraud claim that is sufficient to support a compensatory damage award is sufficient to support an award for punitive damages).