NESBITT, Judge.
Petitioner State Capital Insurance Company seeks review of á trial court’s order denying the company’s motion to strike insureds’ claim for punitive damages. A petition for common law certiorari is the appropriate vehicle for testing the correctness of an order relating to the procedural requirements for asserting a claim for punitive damages. See Globe Newspaper Co. v. King, 658 So.2d 518, 520 (Fla.1995). We grant the petition and quash the order under review.
Jesus and Beatriz Mattey filed a motion for leave to amend their underlying breach of contract action against State Capital to assert counts alleging civil remedy violations, including a claim for punitive damages pursuant to section 624.155, Florida Statutes (1995). After the trial court granted that motion, State Capital filed its answer, as well as a motion to strike the punitive damages claim. The insurer argued that insureds had not complied with section 768.72, Florida Statutes (1995) which requires the showing of a reasonable evidentia-ry basis for an award of punitive damages. At the hearing on the insurer’s motion, the Matteys still made no evidentiary proffer in support of their claim of entitlement to punitive damages. Nonetheless, the trial court denied the insurer’s motion to strike the claim.
Insureds’ position remains that they are under no obligation to comply with section 768.72. The insurer argues that because sections 768.72 and 624.155 are non-conflicting, the Matteys were obligated to comply with both sections.
Section 624.155 Florida Statutes (1995), provides in pertinent part:
(4) No punitive damages shall be awarded under this section unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are:
(a) Willful, wanton, and malicious;
(b) In reckless disregard for the rights of any insured; or
(c) In reckless disregard for the rights of a beneficiary under a life insurance contract.
Any person who pursues a claim under this subsection shall post in advance the costs of discovery. Such costs shall be awarded to the insurer if no punitive damages are awarded to the plaintiff.
Section 768.72, Florida Statutes, (1995) provides:
In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after *1297 the pleading concerning punitive damages is permitted.
Reviewing the sections at issue, we find no clear-cut reason why the two should not be read in harmony. See State ex rel. School Bd. v. Department of Educ., 317 So.2d 68 (Fla.1975). Section 624.155 does not delineate the procedure by which a claim for punitive damages is to be pled, section 768.72 provides that procedure.
Key West Convalescent Center v. Doherty, 619 So.2d 367 (Fla. 3d DCA 1993) supports the insurer’s analysis. In Doherty, this court observed that section 768.72 created a positive legal right not to be subjected to financial worth discovery until after there has been an affirmative finding of a reasonable evidentiary basis for punitive damages. While Doherty concerned the statutory provision setting the standards for nursing home facilities, and the case sub judice calls for application of the insurance code, the observations of Doherty are nonetheless applicable here. See Walt Disney World Co. v. Noordhoek, 672 So.2d 98 (Fla. 3d DCA 1996) (holding punitive damages claims must be stricken absent a reasonable evidentiary basis for their award).
The insurance company has a substantive right not to be subjected to financial worth discovery until the court makes an affirmative finding that there is a reasonable evidentiary basis for a punitive damages claim. See Potter v. S.A.K. Dev. Corp., 678 So.2d 472 (Fla. 5th DCA 1996) (holding what section 768.72 requires is that a plaintiff who has pleaded punitive damages must offer a reasonable evidentiary basis for punitive damages and obtain an order authorizing the maintenance of the punitive damage claim as a predicate to conducting discovery of a defendant’s financial worth.)
Accordingly, the instant petition is granted and the order under review quashed.