PER CURIAM.
Appellant, Moustapha Fostock, appeals a judgment awarding appellee, Andrew Lam-pasone, compensatory and punitive damages. The lawsuit arose out of an incident where Fostock smashed the burning end of his cigar into Lampasone’s cheek. Fostock was properly served with the summons and complaint. He did not respond and the trial court entered a default against him. The original complaint sought both compensatory and punitive damages. Fostock did not appear at a properly noticed jury trial on the issue of damages. The jury awarded compensatory and punitive damages.
On appeal, Fostock argues that the trial court’s failure to comply with the proce-' dure set out by section 768.72, Florida Statutes (1996), was fundamental error. That section states that
no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.
Id. Had Fostock responded to the initial complaint with a motion to dismiss or strike, he would have been entitled under section 768.72 to a dismissal of the punitive damages aspect of the case. See Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA 1994). However, a defendant’s right to relief under section 768.72 is a'right that can be waived by failing to assert it. See Solis v. Calvo, 689 So.2d 366, 368 (Fla. 3d DCA 1997). As the third district has. observed
[t]he protection- afforded by the statute is the right not to be subjected to the burdens of defending punitive damage claims. The defendants apparently did not feel that they were burdened enough by the punitive damage claim to file a motion to strike.
Id. at 368-69. In this case, the defendant was not burdened enough by the entire lawsuit to even make an appearance, so he waived his right to have the statute enforced.
On the remaining issue, we find that the uncontroverted evidence at trial, where there was no fundamental error, supports the award of punitive damages.
DELL and GROSS, JJ. and OWEN, WILLIAM C., Jr., Senior Judge, concur.