778 So.2d 322 (2000)
BEVERLY HEALTH AND REHABILITATION SERVICES, INC.; Vantage Health Care Corporation; and Petersen Healthcare, Inc., authorized to operate Cambridge Convalescent Center, Petitioners,
v.
Rugenia A. MEEKS, as Personal Representative of the Estate of Mary Meeks Young, Respondent.
No. 2D00-487.
District Court of Appeal of Florida, Second District.
December 27, 2000.
*323 Kendra D. Presswood of Law Office of Kendra D. Presswood, P.A., Bradenton; and Andrew R. McCumber and Derek M. Daniels of Quintairos, McCumber, Prieto & Wood, P.A., Tampa, for Petitioners.
Susan B. Morrison and James Freeman of Wilkes & McHugh, P.A., Tampa, for Respondent.
ALTENBERND, Acting Chief Judge.
The Petitioners, Beverly Health and Rehabilitation Services, Inc.; Vantage Health Care Corporation; and Petersen Healthcare, Inc., authorized to operate Cambridge Convalescent Center (Cambridge Convalescent Center), request certiorari review of a trial court order granting leave to amend the complaint of Rugenia A. Meeks, as personal representative of the Estate of Mary Meeks Young (the plaintiff), to include a claim for punitive damages. We have jurisdiction, but our scope of review is limited to a determination of whether the trial court adhered to the procedural requirements associated with section 768.72, Florida Statutes (1999). See Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995). We deny the petition.
Mary Meeks Young allegedly was a resident at the Cambridge Convalescent Center from December 4, 1992, until her death on September 4, 1997. The plaintiff's complaint is not a wrongful death action, but rather a survival action for negligence. It alleges that the Cambridge Convalescent Center violated various rights enumerated in section 400.022, Florida Statutes (1997), and claims that Ms. Young suffered bedsores, infections, dehydration, malnourishment, and other injuries as a result of these violations.
In early October 1999, several months after the filing of the initial complaint, the plaintiff filed a bare bones motion for leave to amend the complaint to add a claim for punitive damages. The motion contains no factual basis to support the claim for punitive damages, but merely "contends that *324 there exists a reasonable basis" for these damages. The plaintiff scheduled the motion for a 45-minute hearing to take place on November 9, 1999.
Cambridge Convalescent Center responded to the motion on October 6, 1999, by filing a request for production of all information "which will be submitted to the Court" to substantiate the punitive damages claim. It also filed punitive damages interrogatories to determine this information. Finally, it filed an objection to the motion, arguing the plaintiff had not complied with the requirement of Florida Rule of Civil Procedure 1.100(b) that a motion state with "particularity" the grounds for any requested order.
On the day of the scheduled hearing, the plaintiff filed an objection to the interrogatories, a very general response to the request for production identifying such items as "all sworn testimony," and a memorandum in support of its motion. Attached to the memorandum were approximately 200 pages of exhibits, which the plaintiff used as its "proffer" to support the punitive damages claim. Thus, Cambridge Convalescent Center did not receive the information supporting the claim for punitive damages until the day of the hearing.
The trial judge properly criticized the "gamesmanship" occurring in his courtroom. We do not question that the trial court had authority to deny this motion to amend as facially insufficient, or to cancel the hearing because of the last-minute disclosure of the proffered exhibits. The trial judge, however, attempted to salvage the 45-minute hearing. He told defense counsel: "I'm going to let you respond to the extent that you can and if you need leave to further respond I'm going to grant that." The hearing then proceeded with both sides discussing the exhibits. The transcript establishes that defense counsel was familiar with many, if not all, of these documents.
At the close of the hearing, the trial judge commended defense counsel on his ability to "get up to speed fairly quickly" and described in detail the order that should be prepared granting this motion. The trial judge indicated that he did not need any further response on this issue, and defense counsel did not request any additional opportunity to respond.
The trial judge did not sign the order until mid-January. In the order, the trial court recites section 768.72:
"In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."
The order contains proper descriptions of the standards for punitive damages and discusses the content of the exhibits.
In this certiorari proceeding, Cambridge Convalescent Center argues that the trial court violated the procedural requirements for section 768.72 by conducting the hearing without requiring the plaintiff to amend her motion to allege in greater detail the content of the exhibits. Additionally, it argues that the trial court violated procedural requirements by failing to require the plaintiff to serve her exhibits within a reasonable time prior to the hearing. The trial court's order addressing these issues is instructive. It states:
In support of its objection, Defendants argued that the Plaintiffs Motion to [sic] Leave to Amend the Complaint for Punitive Damages was facially insufficient under Rule 1.100(b), Florida Rules of Civil Procedure, in that it failed to "state with particularity the grounds therefore...." Defendants further argued that they should be entitled to receive Plaintiff's Proffer thirty days before the Plaintiff's Motion to Amend was heard. Unfortunately, Florida Statute § 768.72 and the Rules of Civil Procedure do not provide guidance as to the procedural manner in which punitive damage proffers will take place. This Court disapproves of the practice of submitting a proffer at the hearing or on the eve of the hearing, which does not allow the Defendant a reasonable opportunity to *325 prepare or respond. Accordingly, it is and shall be the practice of this Court to require a written summary of the evidentiary proffer, with appropriate page and line citations to depositions, testimony, and affidavits, to be filed and served in advance of the hearing so that the Defendant has a reasonable opportunity to respond. Given the potential for lengthy, complex, and voluminous proffers pursuant to § 768.72 and the frequency of these proffers, it may be helpful if the Florida Bar Committee on Rules of Civil Procedure consider drafting a proposed rule for consideration by the Supreme Court which would afford a reasonable and orderly procedure for the presentation and consideration of punitive damage proffers.
We agree with the trial court that neither the statute nor the rules of procedure provide much guidance on this subject. To save valuable court time, most trial courts apparently are not conducting evidentiary hearings on these motions, but are relying on a "proffer by the claimant." Ironically, a "proffer" is usually a presentation of testimony for use on appellate review after the trial court has excluded the testimony from consideration at trial, rather than a factual presentation upon which the court bases its ruling. See Jacobs v. Wainwright, 450 So.2d 200, 201 (Fla.1984). No rule requires that the "reasonable showing" be filed in writing or that it be filed like an affidavit in support of summary judgment. See Fla.R.Civ.P. 1.510.
Although Globe Newspaper gives us the power in a certiorari proceeding to enforce the procedures associated with section 768.72, the truth is that there are very few established procedures. Typically, in a certiorari proceeding challenging a pretrial, nonfinal order, an appellate court determines whether the order departs from "the essential requirements of the law." See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). When the law lacks specificity, this leaves the appellate court little more to determine than whether the trial court infringed upon the basic requirements of due process. Cf. Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995) (discussing certiorari review of circuit court appellate ruling). Because of the void within the statute and the rules of procedure addressing the process by which a complaint is amended to add a claim for punitive damages, the trial court's decision withstands our standard of review so long as the decision is consistent with the statute and the court has satisfied the requirements of due process. From our review of the transcript of the hearing, we are convinced that the trial court managed to transform a hearing that could have been fundamentally unfair to Cambridge Convalescent Center into a hearing that satisfied due process.
Although the issue is not squarely before us at this time, we comment that the trial court's announced intention to require written proffers to be filed a reasonable time prior to future hearings would appear to be a reasonable method to assure that such hearings do satisfy the spirit of the statute and the requirements of due process.
Petition for writ of certiorari denied.
CASANUEVA and SALCINES, JJ., Concur.