VAN NORTWICK, J.
Cradle to Crayons Childcare Center, Inc. and Keisha Davis appeal a final judgment awarding appellees, Orlando Ramos and Daphne Ramos, individually and as parents and natural guardians of M.R., a minor, $1,011,890 in compensatory damages .and $8,000,000 in punitive damages against each of the appellants as a result of injuries suffered by M.R., then seven months old, while she was under the care of the Cradle to Crayons Childcare Center. On appeal, appellants seek a new trial, arguing that the trial court erred in allowing appellees to amend their complaint to seek punitive damages without complying with section 768.72(1), Florida Statutes (2007). Because the appellants waived their rights under section 768.72(1) by failing to appear, we affirm.
Below, appellants were properly served, but did not respond to the complaint; default was entered against them. Prior to trial, appellees sought leave to amend them complaint to assert a claim for punitive damages.[1] Following appropriate notice to appellants, the trial court granted appel-lees’ motion without appearance by appellants. Further, appellants did not appear at a properly noticed jury trial on the issue of damages.
On appeal, appellants argue that the trial court’s failure to comply with the procedure set out by section 768.72(1) was fundamental error. We do not agree. Section 768.72(1) provides in pertinent part that
no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.
The purpose of this provision in section 768.72 is to require a showing with evidence which would provide a reasonable basis for recovery of punitive damages. See Simeon, Inc. v. Cox, 671 So.2d 158 (Fla.1996). “[T]he statute ... requires the plaintiff to show this evidentiary basis before the court may allow such a claim.” Id. at 160. The “section creates a substantive legal right not to be subjected to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages.” Id. “However, a defendant’s right to relief under section 768.72 is a right that can be waived by failing to assert it.” Fostock v. Lampasone, 711 So.2d 1154, 1155 (Fla. 4th DCA 1998).
As in Fostock, here, the appellants apparently did not feel sufficiently burdened by the lawsuit to even make an appearance and, as a result, they waived their right to have the statute enforced. Id. See also Solis v. Calvo, 689 So.2d 366, 368 (Fla. 3d DCA 1997); Philip J. Padova *1092 no, Florida Civil Practice § 27.5 (2007-08 ed.) (“The procedural rights afforded by-section 768.72 can be waived by a failure to object.”).
AFFIRMED.
KAHN and WEBSTER, JJ., concur.

. In support of their motion for leave to assert a claim for punitive damages, appellees submitted affidavits of two investigators for the Florida Department of Children and Family Child Protective Investigations. These affidavits state that, when the investigators arrived at the daycare center, M.R. had "15 to 20 teeth impressions on her skin" and "bruises and swelling all over her body.” The bites broke the skin and left contusions. From the injuries, tire investigators concluded that the altack had occurred over an extended period of time. Both investigators remarked that "no one was giving a straightforward account" of what had happened and it was clear to them that there was a "gross lack of supervision and that the facility was inadequate to accommodate the safety needs” of the children. Because of our holding here, we do not address whether these affidavits are sufficient to satisfy the requirements of section 768.72(1).