*583
 
 CASANUEVA, Judge.
 

 In seeking a writ of certiorari, the Petitioners, Defendants in the circuit court, ask us to reverse the circuit court’s interlocutory order permitting the Plaintiff/Respondent, Joseph Ulrich, to amend his complaint to add a claim for punitive damages against them. Under our limited scope of review, we deny the petition.
 

 Mr. Ulrich initiated this suit for damages claiming that he had been made the scapegoat for the intentional destruction of an active bald eagle’s nest in a residential development his employer was building. The circuit court had before it numerous affidavits, depositions, a federal trial transcript, and other evidence when it allowed Mr. Ulrich to amend his complaint to add a claim for punitive damages. Before the court granted the motion to amend, the Petitioners were allowed ample opportunity to respond and present evidence in opposition, including a hearing on the motion. The applicable legal standard for our review by certiorari is “to determine whether a court has conducted the evidentiary inquiry required by section 768.72, Florida Statutes, but not so broad as to encompass review of the sufficiency of the evidence considered in that inquiry.”
 
 Globe Newspaper Co. v. King,
 
 658 So.2d 518, 520 (Fla.1995). The record before us demonstrates that the circuit court comported with the procedural requirements section 768.72 demands. Accordingly, we must deny relief.
 
 See Beverly Health & Rehab. Servs., Inc. v. Meeks,
 
 778 So.2d 322, 323 (Fla. 2d DCA 2000) (holding that the scope of review on a petition for writ of certiorari to review the granting of a motion to amend a complaint to add a claim for punitive damages is limited to determining whether the circuit court adhered to the procedural requirements of section 768.72). We are thus unable to address the Petitioners’ contentions relative to the substantive merits of Mr. Ulrich’s evidence, including that one corporate defendant was not in existence at the time the alleged tort took place.
 

 Petition denied.
 

 WHATLEY and LaROSE, JJ., Concur.