69 So.3d 1019 (2011)
ROYAL CARIBBEAN CRUISES LTD., et al., Petitioner,
v.
Bjoern EIDISSEN, Respondent.
No. 3D11-1726.
District Court of Appeal of Florida, Third District.
September 14, 2011.
Mase Lara Eversole, Curtis J. Mase, Miami, and Valentina M. Tejera, for petitioner.
David C. Appleby, Fort Lauderdale, for respondent.
Before WELLS, C.J., and RAMIREZ, J., and SCHWARTZ, Senior Judge.
WELLS, Chief Judge.
Royal Caribbean Cruises, Ltd. seeks certiorari review of an order granting Bjoern Eidisson's motion to amend his complaint to add a claim for punitive damages. While we agree that the evidence adduced and proffered is legally insufficient to support a punitive damages claim, we deny the petition as we are without jurisdiction to address this determination on the merits. See Globe Newspaper Co. v. King, 658 So.2d 518, 519-20 (Fla.1995) (confirming that district court jurisdiction to review orders granting amendments to add punitive damage claims does not extend to reviewing the sufficiency of evidentiary determinations under section 768.72 of the Florida Statutes); Solis v. Calvo, 689 So.2d 366, 368 (Fla. 3d DCA 1997) (confirming that while certiorari review is appropriate to determine whether the procedural requirements of section 768.72 have been met, such is not so broad authority as to encompass review of the sufficiency of the evidence supporting a determination that a claim for punitive damages may be pled).
Certiorari is, therefore, denied.
RAMIREZ, J., (concurring).
I concur with the majority that the petition should be denied. In my view, the trial court followed the procedure required under Globe Newspaper Company v. King, 658 So.2d 518, 519-20 (Fla.1995) and Solis v. Calvo, 689 So.2d 366, 368 (Fla. 3d DCA 1997). We should stop there, without commenting on whether we agree or disagree that the evidence proffered was insufficient to support a claim for punitive damages. That is not the function of a certiorari petition at this stage, and furthermore, it is a comment with which I disagree.