DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

OMEGA TITLE NAPLES, LLC, d/b/a Dunn Title and SCOTT
DASCANI,

Petitioners,

v.

ROGER BUTSCHKY and SHERYL LYNN BUTSCHKY,

Respondents.

No. 2D19-1151

_____

September 10, 2021

BY ORDER OF THE COURT:

Petitioners' motion for written opinion is granted. The prior opinion dated November 20, 2019, is withdrawn, and the attached opinion is issued in its place. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

OMEGA TITLE NAPLES, LLC, d/b/a Dunn Title and SCOTT
DASCANI,

Petitioners,

v.

ROGER BUTSCHKY and SHERYL LYNN BUTSCHKY,

Respondents.

No. 2D19-1151

_____

September 10, 2021

Petition for Writ of Certiorari to the Circuit Court for Collier County;
Elizabeth V. Krier, Judge.

Roy D. Wasson of Wasson & Associates, Chartered, Miami, and
Leland W. Wilson of McCullough Legal Services, LLC, Fort Myers,
for Petitioners.

Kimberly L. Boldt and Ryan C. Tyler of Boldt Law Firm, Boca Raton,
and Michael Petruccelli of Petruccelli Law, Fort Lauderdale, for
Respondents.


PER CURIAM.

Omega Title Naples, LLC, and its CEO, Scott Dascani, seek certiorari review of an order granting Roger and Sheryl Butschky leave to amend their complaint to add a claim for punitive damages. We dismiss the petition.

The underlying proceeding arose after fraudsters allegedly deceived Omega Title into wiring the proceeds of the sale of the Butschkys' home to a different bank account number than the one the Butschkys had provided. After conducting several depositions, the Butschkys sought leave to amend their complaint to add a claim for punitive damages. Following a hearing, the trial court granted the motion. However, neither the court's oral ruling nor its written order stated its basis for granting the Butschkys' motion; in both rulings the court simply stated that the motion was granted.

Omega Title now argues in this petition for writ of certiorari that the trial court erred in granting the motion without making affirmative findings that the Butschkys had alleged a reasonable basis for punitive damages. The rationale for this argument begins with section 768.72(1), Florida Statutes (2018), which provides that "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the

claimant which would provide a reasonable basis for recovery of such damages." Citing a line of cases beginning with the Fourth District's decision in *Henn v. Sandler*, 589 So. 2d 1334 (Fla. 4th DCA 1991), Omega Title contends that a trial court must expressly make an affirmative finding on the record that the statutory standard has been met. On that point, the *Henn* court stated that it "read[s] section 768.72 as creating a positive legal right in a party not to be subjected to financial worth discovery until the trial court has first made an affirmative finding that there is a reasonable evidentiary basis for the punitive damages claim to go to the jury." *Id.* at 1335; *see also Petri Positive Pest Control, Inc. v. CCM Condo. Ass'n*, 174 So. 3d 1122, 1122 (Fla. 4th DCA 2015) (following *Henn*). This view has since been adopted by the Third District in *Key West Convalescent Ctr., Inc. v. Doherty*, 619 So. 2d 367, 369 (Fla. 3d DCA 1993), and by the Fifth District in *Varnedore v. Copeland*, 210 So. 3d 741, 747–48 (Fla. 5th DCA 2017).

Since we issued our initial order summarily denying Omega Title's petition, our court has undertaken a similar approach to the one taken by the Third, Fourth, and Fifth Districts. We have held that when a trial court determines that a plaintiff has presented

3

sufficient evidence to support a claim for punitive damages "the trial court must identify the admissible evidence proffered by the plaintiff on the record within the order and/or articulate on the record how the evidence supports a reasonable basis to believe the claimant can demonstrate by clear and convincing evidence that recovery of punitive damages is warranted." *E. Bay NC, LLC v. Reddish*, 306 So. 3d 1225, 1227 (Fla. 2d DCA 2020). We explained the reasoning behind this policy as follows:

> Absent oral findings in the record which establish entitlement to plead punitive damages, a boilerplate order that parrots the provisions of the statute without identifying the admissible evidence adduced at the evidentiary hearing is insufficient. Such an order renders the appellate court unable to identify what, if any, admissible evidence was relied upon to make the determination. Identifying the evidence within the order will enable an appellate court to better determine procedural compliance with the statute.

*Id.*

The trial court's oral and written orders in this case did not make any findings of fact or otherwise state the basis on which it granted the Butschkys' motion. However, we find this error to be essentially harmless. As we stated in *Reddish*, the purpose of

4

specific findings is to enable appellate review to ensure that the trial court complied with the procedural requirements of section 768.72. *See generally Globe Newspaper Co. v. King*, 658 So. 2d 518, 520 (Fla. 1995) (holding that certiorari is available to review whether the trial court has followed the procedures set forth in section 768.72, "but not so broad as to encompass review of the sufficiency of the evidence considered in that inquiry"); *Beverly Health & Rehab. Servs., Inc. v. Meeks*, 778 So. 2d 322, 325 (Fla. 2d DCA 2000) (noting that "*Globe Newspaper* gives us the power in a certiorari proceeding to enforce the procedures associated with section 768.72" and stating that "the trial court's decision withstands our standard of review [on certiorari] so long as the decision is consistent with the statute and the court has satisfied the requirements of due process").  In this case we can discern from the record that the court followed all applicable procedures and applied the correct standard in granting the Butchskys' motion.  As a result, the failure to make express findings was harmless.

Petition dismissed.

KELLY and SMITH, JJ., Concur.
NORTHCUTT, J., Concurs with opinion.

NORTHCUTT, J., Concurring.

I concur in the dismissal of Omega Title's petition, but I write separately to express disagreement with the growing chorus of cases, starting with *Henn v. Sandler*, 589 So. 2d 1334 (Fla. 4th DCA 1991), and continuing through *E. Bay NC, LLC v. Reddish*, 306 So. 3d 1225, 1227 (Fla. 2d DCA 2020), holding that a trial court must make express findings when granting leave to add a claim for punitive damages.

Neither the applicable statute nor the associated rule of procedure require a court to announce specific findings beyond granting or denying a plaintiff's motion to add a punitive damages claim. *See* § 768.72(1), Fla. Stat. (2018); Fla. R. Civ. P. 1.190(f). The First District recently addressed this issue in *Watt v. Lo*, 302 So. 3d 1021 (Fla. 1st DCA 2020), and recognized that the statute and rule simply do not compel the affirmative finding that *Henn* and its progeny have required:

> [N]othing in the plain language of section 768.72(1) requires a trial court to make express or affirmative findings when determining whether to permit a claimant to assert a punitive damages claim. All that is required is that the claimant make the necessary showing based on evidence in the

6

> record or proffered by the claimant.  § 768.72,
> Fla. Stat.  Then, as stated in *Globe Newspaper*,
> the trial court must make a "determination"
> that the claimant made the necessary
> evidentiary showing.

*Id.* at 1024–25 (footnote omitted).

I agree with the First District's reading of the law.  Absent a statutory requirement or other compelling reason, findings of fact simply are not a necessary component of a judgment or order.  *See, e.g.*, *New Nautical Coatings, Inc. v. Scoggin*, 731 So. 2d 145, 146 (Fla. 4th DCA 1999) ("Because the trial court made no specific findings of fact in the final judgment, this court must 'accept the facts to be those shown by that evidence most favorable' to Scoggins, the prevailing party." (quoting *S. Bell Tel. & Tel. Co. v. Broward Cnty.*, 665 So. 2d 272, 274 (Fla. 4th DCA 1995))); *Town of Jupiter v. Alexander*, 747 So. 2d 395, 400 (Fla. 4th DCA 1998) (refusing to reverse a judgment due to a lack of factual findings and noting that "[w]here [findings] are absent, the appellate court must determine whether, based upon the record, the proper analysis would have produced the result reached by the trial court").

Further, knowing the facts upon which the trial court relied when granting leave to amend would be of little benefit in the

7

narrow certiorari review that we conduct here. As explained in *Globe Newspaper*, we are limited to reviewing procedural matters and cannot review the sufficiency of the evidence supporting a plaintiff's claim for punitive damages. *See* 658 So. 2d at 520. Thus, findings of fact regarding the evidence presented ordinarily would not further our review in any meaningful way.

In sum, I agree that the lack of findings of facts in this case does not warrant certiorari relief even under the caselaw that requires them. But I do not believe that such findings were required in the first place.