705 So.2d 1010 (1998)
WFTV, INC., A Delaware Corporation, Petitioner,
v.
Christopher HINN, Respondent.
No. 97-3105.
District Court of Appeal of Florida, Fifth District.
February 6, 1998.
Scott W. Cichon, Jonathan D. Kaney, Jr. and Jonathan D. Kaney, III of Cobb, Cole & Bell, Daytona Beach, for Petitioner.
Gus R. Benitez and Roger B. Butcher of Benitez & Butcher, P.A., Orlando, for Respondent.
COBB, Judge.
Petitioner, WFTV, Inc., seeks certiorari review of an order denying its motion to strike a punitive damages claim. We have jurisdiction. See Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995) (district court *1011 of appeal has certiorari jurisdiction to review whether the trial court followed the procedural requirements of section 768.72, Florida Statutes).
Respondent, Christopher Hinn, was the subject of a whistleblower feature on WFTV's news program. Hinn sued WFTV pursuant to section 540.08, Florida Statutes (1997) (unauthorized publication of name or likeness), because WFTV used a videotape featuring him to advertise its news program. In the complaint, Hinn sought both compensatory and punitive damages. WFTV filed a motion to strike the punitive damages, which the trial court denied after a hearing.
Before a claim for punitive damages is allowed, a plaintiff must first comply with section 768.72, Florida Statutes (1997). That statute requires an initial showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. A plaintiff must obtain leave from the trial court to amend the complaint before a claim for punitive damages can be asserted. See Simeon, Inc. v. Cox, 671 So.2d 158 (Fla.1996).
Section 540.08(2), Florida Statutes (1997) authorizes recovery of punitive damages, but does not provide any procedure by which such claim may be pled. Hinn asserts that section 768.72 is not applicable to a cause of action under section 540.08. We disagree, and find that sections 540.08 and 768.72 should be read together. Although section 540.08 allows for the recovery of punitive damages, the procedure enacted by the legislature in section 768.72 must be followed. Cf. State Capital Insurance Co. v. Mattey, 689 So.2d 1295 (Fla. 3d DCA 1997).
At the hearing on the motion to strike, Hinn made several arguments, including that the record showed a reasonable basis for punitive damages in that WFTV admitted in its answer that it continued to run the advertisement after being requested to stop. Evidence or argument presented at the hearing on the motion to strike would not satisfy the procedural requirements of section 768.72, as construed by the supreme court in Simeon, Inc. See also Mayer v. Frank, 659 So.2d 1254 (Fla. 4th DCA 1995) (procedure in section 768.72 must be strictly enforced, although in some cases the result might elevate form over substance). Even if the pleadings were sufficient to show a reasonable basis for punitive damages, the trial court did not indicate this in the order under review, as it merely denied the motion to strike without comment. As Hinn sought punitive damages in his complaint without first seeking leave to amend and showing a reasonable basis for that claim, the lower court erred by not granting the motion to strike. Because the statutory procedure was not followed, we grant the petition for writ of certiorari and quash the order under review.
PETITION GRANTED; ORDER QUASHED.
DAUKSCH and HARRIS, JJ., concur.