IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BIRDIE M. VARNEDORE, M.D.,

       Petitioner,

 v.                                      Case No. 5D16-1831

TODD E. COPELAND, ESQUIRE,
O/B/O AND AS TRUSTEE FOR
KYONDA HACKSHAW AND
GUARDIAN AD LITEM
FOR K.C.F. AND J.L.S., MINORS,

       Respondents.

_____/

EDGARDO M. RODRIGUEZ, M.D.,

       Petitioner,

 v.                                      Case No. 5D16-1879

TODD E. COPELAND, ESQUIRE,
O/B/O AND AS TRUSTEE FOR
KYONDA HACKSHAW AND
GUARDIAN AD LITEM
FOR K.C.F. AND J.L.S., MINORS,

       Respondents.

_____/

Opinion filed February 10, 2017

Petition for Certiorari Review
of Order from the Circuit Court
for Orange County,
Keith F. White, Judge.

Christian P. Trowbridge, Craig S. Foels, and Eric P. Gibbs, of Estes, Ingram, Foels & Gibbs, P.A., Orlando, for Birdie M. Varnedore, M.D., Petitioner.

T'anjuiming A. Marz, and Patrick H. Telan, of Grower, Ketcham, Eide, Telan, & Meltz, P.A., Orlando, for Edgardo M. Rodriguez, M.D., Petitioner.

Carlos R. Diez-Arguelles, of Diez-Arguelles, & Tejedor, P.A., Orlando, and Susan W. Fox, and Heather M. Kolinsky, of Fox & Loquasto, P.A., Orlando, for Respondents.

EDWARDS, J.

Claims for punitive damages can have significant, multi-faceted impacts on litigation and litigants. The Florida Legislature enacted statutory thresholds and Florida's Supreme Court adopted complementary procedures that govern the proof and pleadings required to pursue punitive damages. The statute and rule cast the trial court in the role of gatekeeper. Here, the Petitioners and the defendants below, Dr. Rodriguez and Dr. Varnedore, petition this court for a writ of certiorari to quash the trial court's order permitting Respondent, Todd Copeland on behalf of and as trustee for Kyonda Hackshaw and her children, to amend the medical malpractice complaint by adding claims for punitive damages against the Petitioners.[1]

---

[1] Although the underlying claims of medical negligence are different as to each Petitioner, they arise out of related diagnosis and treatment, and the principles governing the process of amending pleadings to assert punitive damage apply uniformly. We have thus, sua sponte, consolidated the two cases for the purpose of discussing and resolving them in a single opinion.

2

Respondent moved to amend his complaint to assert claims for punitive damages, but did not attach a copy of the proposed amended complaint to his motion. Petitioners objected to the lack of the proposed complaint. Respondent served an evidentiary proffer in advance of the hearing, but also made additional, oral evidentiary proffers during the hearing over Petitioners' objections. At the conclusion of the five and a half hour hearing, the trial court announced that it was granting Respondent's motion to amend as to certain defendants and denying it as to others. The trial court, however, did not provide a basis for its rulings in its oral pronouncement or in its later written order. For the reasons discussed below, we find that the trial court departed from the essential requirements of law. The writ of certiorari is granted and the case is remanded for further proceedings.

## Certiorari review

A writ of certiorari will issue if the trial court departed from the essential requirements of the law, the departure resulted in material injury to the petitioner, and the injury cannot be remedied in a postjudgment plenary appeal. *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011). The essential requirements of the law for seeking leave to file a pleading asserting a claim for punitive damages in a civil action are enumerated in section 768.72, Florida Statutes (2015), and Florida Rule of Civil Procedure 1.190.

Section 768.72(1) provides that defendants in civil actions shall be free from claims of punitive damages and related financial discovery unless the claimant makes "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2015). The subsection further provides that a "claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure." *Id.*

3

Rule 1.190(a) and (f) describe the procedural requirements for amending a complaint to seek a claim for punitive damages. Parties have a substantive right "not to be subjected to a punitive damage claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court." *Estate of Despain v. Avante Grp., Inc.*, 900 So. 2d 637, 641 (Fla. 5th DCA 2005) (citing *Simeon, Inc. v. Cox*, 671 So. 2d 158, 160 (Fla. 1996); *Globe Newspaper Co. v. King*, 658 So. 2d 518, 519 (Fla. 1995)).

Accordingly, certiorari review is available to determine whether the trial court complied with all applicable requirements and analysis before granting a motion to amend pleadings to assert claims for punitive damages. *See Globe Newspaper,* 658 So. 2d at 520; *Tilton v. Wrobel*, 198 So. 3d 909, 910 (Fla. 4th DCA 2016); *Munroe Reg'l Health Sys., Inc. v. Estate of Gonzalez*, 795 So. 2d 1133, 1134 (Fla. 5th DCA 2001). Given the nature of the applicable statute and rule, the court must consider both the pleading component and the evidentiary component of each motion to amend to assert punitive damage claims. *Henn v. Sandler*, 589 So. 2d 1334, 1335-36 (Fla. 4th DCA 1991).

### Pleading component of motion to add punitive damages

The only basis for awarding punitive damages against individual defendants, such as Petitioners, is "if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (2015). In this case, Respondent relies on claims of gross negligence to justify recovery of punitive damages. "Gross negligence means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." *Id.* at § 768.72(2)(b) (internal quotation marks omitted).

As previously stated, a party wishing to pursue punitive damages must first file a motion seeking leave of court to file an amended complaint and then make "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." *Id.* at § 768.72(1); *see also* Fla. R. Civ. P. 1.190(f).

In this case, Respondent filed a motion to amend his pleadings to seek punitive damages; however, he did not attach a proposed amended complaint to his motion, nor did he file the proposed amended complaint prior to the hearing on his motion to amend. Pursuant to rule 1.190(a), "[i]f a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion." Fla. R. Civ. P. 1.190(a). Moving to amend without attaching a copy of the proposed amended pleading is insufficient. *See Taylor v. City of Lake Worth*, 964 So. 2d 243, 244 (Fla. 4th DCA 2007) (holding that the rule 1.190(a) requirement of attaching a proposed amended pleading to the motion to amend is mandatory).

Respondent argues that rule 1.190(f) does not require a plaintiff to attach a proposed amended complaint to its motion. The requirement of rule 1.190(a), however, was adopted by the Florida Supreme Court in the same opinion in which it created rule 1.190(f). *Amends. to the Fla. R. of Civ. P. (Two-year cycle)*, 858 So. 2d 1013, 1013-14 (Fla. 2003) ("Therefore, to make [Florida Rules of Civil Procedure] 1.070(j) and 1.190(a) consistent and avoid confusion, we adopt the proposed corresponding amendment to rule 1.190(a), which requires a party that files a motion to amend a pleading to attach the proposed amended pleading."). In the same opinion, the Florida Supreme Court amended rule 1.190 to add subdivision (f), in order to ensure that the parties opposing

5

motions to amend a pleading to assert a claim for punitive damages had adequate prehearing notice of the record evidence and proffered evidence relied on by the plaintiff in the motion to amend. *Id.* at 1014-15.  Thus, filing the proposed amended complaint with the motion to amend is an essential legal requirement of moving to amend to add claims for punitive damages.

In order to perform its function as a gatekeeper, the trial court must understand the specific claim proposed by the plaintiff that may justify an award of punitive damages. "Litigants in civil controversies must state their legal positions within a particular document, a pleading, so that the parties and the court are absolutely clear what the issues to be adjudicated are." *Bank of Am. Nat'l Ass'n v. Asbury*, 165 So. 3d 808, 809 (Fla 2d DCA 2015).  Thus, when entertaining a motion to amend in order to add a claim for punitive damages, the trial court must first consider whether the proposed amended complaint actually sets forth a claim that the defendants' conduct was grossly negligent, as defined by statute.  Absent sufficient allegations, there would be neither a reason nor a framework for analyzing the proffered evidentiary basis for a punitive damages claim.

Because there was no proposed amended complaint on file at the time of the hearing, the trial court repeatedly asked Respondent to state what claims he was making and against whom he was making such claims.  At some point during the hearing, Respondent finally provided a copy of a proposed amended complaint.  Hearings on motions to add punitive damages can be complex and contentious.  It is patently unfair to allow Respondent's failure to comply with the requirements of rule 1.190(a) to force Petitioners' counsel to choose whether to read the just-provided proposed amended complaint or to actively participate in the hearing.

6

Respondent's unexplained failure to file the proposed complaint resulted in confusion, made it unreasonably difficult for Petitioners to prepare and argue their position, and hampered the trial court in its effort to fulfill its role as gatekeeper. We find that the trial court departed from the essential requirements of the law when it heard and ruled on Respondent's motion to amend when Respondent did not attach a proposed amended complaint to its motion as required by rule 1.190(a). We grant the writ, quash the order, and remand for further proceedings.

**Evidentiary component of motion to add punitive damages**

Because Respondent, on remand, may choose to file another motion to amend, we believe it would be helpful to the parties and to the trial court to complete our analysis of the additional requirements of section 768.72 and rule 1.190(f).

If the proposed amended complaint contains sufficient allegations of gross negligence, the trial court must next consider whether plaintiff has established a reasonable factual basis for its punitive damage claims. The factual basis relied on by the moving party may consist of evidence of record, proffered evidence, or both. Fla. R. Civ. P. 1.190(f). During the hearing in this case, Respondent sometimes relied on record evidence, such as deposition testimony and, at other times, Respondent relied on witness testimony anticipated at the upcoming trial. Petitioners objected to the oral proffers, arguing that the proffers did not comply with the requirements of section 768.72 or rule 1.190(f). Petitioners also asserted that some of the proffers put forward new liability theories, which were not alleged in the operative, second amended complaint, and not discussed in any expert witnesses' depositions.

When the Florida Supreme Court adopted rule 1.190(f), it referred to *Beverly Health and Rehabilitation Services, Inc. v. Meeks*, 778 So. 2d 322 (Fla. 2d DCA 2000). *Amendments*, 858 So. 2d at 1014. The plaintiff in *Meeks* filed a bare bones motion, completely lacking any factual bases, to amend its pleading to add punitive damage claims against the defendant nursing home. 778 So. 2d at 323. On the day of the hearing, the plaintiff filed 200 pages of exhibits supporting its motion to amend. *Id.* at 324. The trial court went forward with the hearing, but advised defense counsel that it could have additional time to respond if needed; however, no such request was made. *Id.* at 324. The Second District Court of Appeal suggested that "to require written proffers to be filed a reasonable time prior to future hearings would appear to be a reasonable method to assure that such hearings do satisfy the spirit of the statute [section 768.72] and the requirements of due process." *Id.* at 325. By adopting rule 1.190(f), the Florida Supreme Court reinforced "the committee's intent of requiring the motion and the supporting evidence or proffer to be served on all parties at least twenty days before the hearing." *Amendments*, 858 So. 2d at 1014.

A similar requirement to file documents in advance of a hearing is found in Florida Rule of Civil Procedure 1.510(c). Rule 1.510(c) requires the party moving for summary judgment to serve its notice identifying and/or attaching record evidence at least twenty days prior to the hearing. Fla. R. Civ. P. 1510(c). The opposing party must serve its disclosure of opposing record evidence at least five days prior to the hearing. Fla. R. Civ. P. 1.510(c). Neither the movant nor the opponent may rely upon any evidence, even if already on file, unless it was identified in its timely filed notice. *State Farm Mut. Auto. Ins. Co. v. Figler Family Chiropractic, P.A.*, 189 So. 3d 970, 974 (Fla. 4th DCA 2016).

8

"Determination of the appropriateness of the motion is better facilitated when issues and evidence are clearly identified in advance of the hearing on the motion." *Id.*

We conclude that the term "proffer" for purposes of rule 1.190(f) refers only to timely filed documents and excludes oral representations of additional evidence made during the hearing. Thus, the trial court cannot properly consider plaintiff's counsel's oral or other proffers of evidence which are first presented during the hearing. Counsel, however, is free to suggest inferences that may be drawn from the timely filed evidence and proffers. After all, the decision of whether to grant the motion to add punitive damages will be based, at least in part, upon the trial court's determination of whether a reasonable jury could infer from the evidence and proffer that a defendant's conduct amounted to reckless or careless indifference to the plaintiff's life or safety. Because the trial court did not state its basis for granting the motion, we cannot determine to what extent the trial court improperly relied on Respondent's untimely and inappropriate oral proffers. *Petion v. State,* 48 So. 3d 726, 735 (Fla. 2010). Respondent additionally has not attempted to prove that the court's error was harmless. *See Special v. W. Boca Med. Ctr.,* 160 So. 3d 1251, 1256 (Fla. 2014). The trial court departed from the essential requirements of the law by overruling Petitioners' objections and permitting Respondent to make inappropriate oral proffers. For this additional reason, we grant the writ, quash the order, and remand for further proceedings.

**Stating basis for granting motion to amend**

Petitioners further assert that the trial court erred by failing to state the bases upon which it granted Respondent's motion to assert punitive damages. Because punitive damages may only be pursued after the trial court finds the plaintiff has met or exceeded

the section 768.72(1) threshold, it follows that the trial court, serving as a gatekeeper, is required to make an affirmative finding that plaintiff has made a "reasonable showing by evidence," which would provide a "reasonable evidentiary basis for recovering such damages" if the motion to amend is granted. *SAP Am. Inc. v. Royal Flowers, Inc.*, 187 So. 3d 946, 947 (Fla. 3d DCA 2016*); see also Petri Positive Pest Control, Inc. v. CCM Condo. Ass'n,* 174 So. 3d 1122, 1122 (Fla. 4th DCA 2015); *Royal Caribbean Cruises, Ltd. v. Doe*, 44 So. 3d 230, 235-36 (Fla. 3d DCA 2010); *Henn*, 589 So. 2d at 1335. We agree that when granting a motion to amend to add punitive damages, the trial court must make the aforementioned affirmative finding. However, because we are remanding this case to the trial court for further proceedings, we will not at this time address Petitioners' additional, related argument that the trial court must make detailed factual findings.[2]

PETITION GRANTED, ORDER QUASHED, REMANDED FOR FURTHER PROCEEDINGS.


SAWAYA and LAMBERT, JJ., concur.

---

[2] In *Estate of Despain v. Avante Group, Inc.*, 900 So. 2d 637, 642-44 (Fla. 5th DCA 2005), we held that appellate courts would review, de novo, a trial court's finding that a section 768.72(1) reasonable basis exists for asserting punitive damages. Because the evidence of record and proffered evidence upon which plaintiff relies must be timely filed in advance of the hearing, the trial court does not have a superior vantage point to this court.