DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HRB TAX GROUP, INC.** d/b/a **H&R BLOCK**
d/b/a **BLOCK ADVISORS**,
Appellant,

v.

**FLORIDA INVESTIGATION BUREAU, INC.** d/b/a
**FLORIDA INVESTIGATIONS & EXECUTIVE PROTECTION,**
Appellee.

No. 4D22-2981

[May 17, 2023]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine Cheesman, Judge; L.T. Case No. 50-2020-CA-004726.

Dennis M. McClelland, Raquel R. Jefferson and Julie A. Girard of Phelps Dunbar LLP, Tampa, for appellant.

Jocelyne A. Macelloni, Matthew Akiba and Alfredo E. Dally of Barakat + Bossa, PLLC, Coral Gables, for appellee.

DAMOORGIAN, J.

HRB Tax Group, Inc. ("the defendant") appeals an order granting Florida Investigation Bureau, Inc.'s ("the plaintiff") motion for leave to amend its complaint to assert a claim for punitive damages against the defendant. We reverse because the plaintiff failed to make sufficient allegations or proffer sufficient evidence to establish a reasonable basis for recovery of punitive damages under section 768.72(3), Florida Statutes (2020).

The underlying complaint arises from an allegedly fraudulent financial investment which the plaintiff made through a third party. The plaintiff was referred to the third party by one of the defendant's employees who had expertise in investments and tax planning. The defendant's employee allegedly advised the plaintiff's president that he could reduce the company's tax liability by investing and encouraged him to invest at least $250,000 with the third party. The defendant's employee facilitated

communications between the plaintiff and the third party using a personal e-mail address, although the employee's signature line reflected that she was employed by the defendant.

The plaintiff ultimately agreed to make the investment and wired more than $250,000 to a bank account in Hong Kong at the third party's direction. The plaintiff alleges that it never received any returns on the investment, and that the third party and the defendant's employee ignored multiple requests to return the money.

The plaintiff's original complaint alleged claims of fraud and negligence against the defendant's employee, a claim of civil conspiracy against the defendant's employee and the third party, and claims of vicarious liability and negligent supervision against the defendant. The vicarious liability claim against the defendant alleged "[the employee]. . . was acting within the scope of her employment in providing professional tax preparation services to [the defendant's] customers, including, but without limitation, [the plaintiff]," and therefore the defendant "acted through [the employee] when [the employee] negligently and fraudulently facilitated the theft." The negligent supervision claim similarly alleged the employee "was acting within the scope of her employment in providing professional tax preparation services to [the defendant] customers" and that the defendant "should have become aware of the fact that [the employee] was using her position . . . to identify and convince . . . [the plaintiff] to invest in the Fraudulent Investment."

After the original complaint was filed, the plaintiff learned that the defendant's employee had referred the plaintiff's president to the third party as part of a reciprocal referral program implemented by the employee's managers. The plaintiff also learned that the defendant's employee had since been terminated from her employment for violating several company policies, including a policy against using personal e-mail addresses to communicate with clients.

Upon learning this information, the plaintiff moved for leave to amend the complaint to, among other things, add a new claim against the defendant for negligence based on its creation and handling of the reciprocal referral program, and to assert a claim for punitive damages on its existing claim against the defendant for vicarious liability. Notably, aside from including a request for punitive damages, the plaintiff did not propose any amendments to its existing vicarious liability claim against the defendant.

2

The trial court ultimately granted the motion to amend, concluding the plaintiff proffered sufficient evidence to establish a reasonable basis for recovery of punitive damages against the defendant. In so concluding, the trial court reasoned as follows:

> The evidence proffered in support of the amendment to add a claim for punitive damages against [the defendant] consists of the testimony of [the defendant's employee] and [the defendant's] corporate representative found at Exhibit J of the Motion, which specifically states that the only goal of the [reciprocal referral] program was to drive business to the company and there was no oversigh[t] of the employees (i.e., [the defendant] may be found to have knowingly condoned or ratified the conduct or been grossly negligent).
>
> . . . .
>
> [The plaintiff's] proposed Amended Complaint alleged [the employee] . . . was acting within the scope of her employment when the action leading to the alleged Fraudulent Investment took place. Furthermore, the Amended Complaint alleges that [the defendant] failed to oversee [the employee's] conduct and permitted her to facilitate the Fraudulent Investment and allowed her to use her personal phone and email addresses. As such, the Amended Complaint states [the defendant] was negligent because it could have uncovered [the employee's] conduct, but instead chose not to address the issues and thus contributed to [the plaintiff's] damages.

This appeal follows.

"We review de novo the trial court's decision on a motion for leave to amend a complaint to add a punitive damage claim." *Progressive Select Ins. Co. v. Ober*, 353 So. 3d 1190, 1192 (Fla. 4th DCA 2023) (citing *Bistline v. Rogers*, 215 So. 3d 607, 610 (Fla. 4th DCA 2017)).

Section 768.72(1), Florida Statutes (2020), provides that "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." *See also* Fla. R. Civ. P. 1.190(f). "A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. To impute an employee's conduct on

an employer under the punitive damages statute, a plaintiff must establish that the employee's conduct constituted "intentional misconduct" or "gross negligence," and establish one of the following:

> (a)   The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;
>
> (b)   The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or
>
> (c)   The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.

§ 768.72(3)(a)–(c), Fla. Stat.

We reverse the portion of the order granting the plaintiff leave to assert a claim against the defendant for punitive damages for two reasons. First, the trial court improperly considered allegations and evidence not relevant to the claim for which punitive damages were sought. As noted in the facts, the proposed amended complaint sought to add a claim for punitive damages to the existing vicarious liability claim only. Nonetheless, in concluding the plaintiff proffered sufficient evidence to establish a reasonable basis for recovery of punitive damages, the trial court partially relied on evidence relating to the direct negligence claim asserted against the defendant, which was based on the defendant's creation and handling of the reciprocal referral program. The direct negligence claim, however, did not include a request for punitive damages. *See generally Schneider v. First Am. Bank*, 336 So. 3d 43, 47 (Fla. 4th DCA 2022) (a trial court lacks authority to grant relief that was not requested in the pleadings or tried by consent); *see also Varnedore v. Copeland*, 210 So. 3d 741, 745 (Fla. 5th DCA 2017) ("In order to perform its function as a gatekeeper, the trial court must understand the specific claim proposed by the plaintiff that may justify an award of punitive damages."); *Grove Isle Ass'n v. Lindzon*, 350 So. 3d 826, 831 (Fla. 3d DCA 2022) ("Here, the amended complaint does not specify whether [the] claim for punitive damages was based on direct or vicarious liability.").

Second, the vicarious liability claim in the amended complaint contains no allegations of wrongdoing by the defendant. For example, the vicarious liability claim does not allege that: (1) the defendant "actively and knowingly participated in" the employee's conduct; (2) the defendant's

4

officers, directors, or managers "knowingly condoned, ratified, or consented to" the employee's conduct; or (3) the defendant engaged in its own conduct that constituted "gross negligence" and contributed to the plaintiff's damages. Instead, the vicarious liability count alleges misconduct only by the employee. *See Varnedore*, 210 So. 3d at 745 ("Absent sufficient allegations, there would be neither a reason nor a framework for analyzing the proffered evidentiary basis for a punitive damages claim."); *Grove Isle*, 350 So. 3d at 831 (holding the trial court erred in granting leave to amend the complaint to a assert a claim for punitive damages on the theory of vicarious liability, in part because "a review of the negligence and fraudulent misrepresentation claims (for which punitive damages is sought) reveals no allegation of wrongdoing by the [employer]").

Likewise, the proffered evidence here failed to demonstrate that the defendant and/or its officers, directors, or managers *knowingly* participated in or condoned, ratified, or consented to the employee's conduct, or that the defendant engaged in conduct constituting gross negligence. *See* § 768.72(2)(b), Fla. Stat. (defining gross negligence as meaning "that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct").

Accordingly, we reverse the order granting the plaintiff's motion for leave to amend its complaint to assert a claim against the defendant for punitive damages based on the theory of vicarious liability.

*Reversed.*

CIKLIN and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***