DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEVEN VAZIRI,**
Appellant,

v.

**MARENA JERKINS,**
Appellee.

No. 4D2024-1534

[January 8, 2025]

Appeal of nonfinal order from the County Court for the Seventeenth Judicial Circuit, Broward County; Steven P. DeLuca, Judge; L.T. Case No. CONO-22-006506.

John M. Jorgensen of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellant.

Ernest H. Kohlmyer, III of Shepard, Smith, Kohlmyer & Hand, P.A., Maitland, for appellee.

DAMOORGIAN, J.

Steven Vaziri ("Defendant") appeals an order granting Marena Jerkins' ("Plaintiff") motion for leave to amend to assert a punitive damages claim. For the reasons discussed below, we reverse.

In the underlying landlord-tenant dispute, Plaintiff sued the landlord Defendant for violating the Florida Consumer Collection Practices Act ("FCCPA"). The complaint alleged that two months before the lease was to end, Defendant informed Plaintiff that her rent would increase. After Plaintiff notified Defendant that she would not be renewing the lease, Defendant became "infuriated" and sent Plaintiff a series of text messages threatening to evict her for past-due rent. Defendant also threatened to place Plaintiff's belongings in the trash, expose her as a "dead beat" and tarnish her "record," and "see to it that you regret your intransigence for as long as you live."

The complaint alleged that Defendant's text messages had been sent in an attempt to collect a debt, and that Defendant had violated the FCCPA

by: (1) engaging in conduct that could be reasonably expected to harass or abuse Plaintiff; (2) using willfully abusive language in communicating with Plaintiff; (3) asserting the legal right to evict Plaintiff while knowing he did not have such a right; (4) threatening to publicize that Plaintiff was a "dead beat"; and (5) communicating with Plaintiff between the hours of 9:00 p.m. and 8:00 a.m. without her consent.

Plaintiff thereafter moved to amend her complaint to assert a punitive damages claim. In support, Plaintiff proffered the text messages which she had referenced in her initial complaint. Plaintiff argued the proffered text messages reasonably supported punitive damages because Defendant's threats to tarnish her record and make her regret her intransigence could "reasonably be expected to abuse or harass" Plaintiff in violation of the FCCPA, specifically section 559.72(7), Florida Statutes (2022). Plaintiff attached a proposed amended complaint to her motion, which was identical to the initial complaint except that Plaintiff added a punitive damages claim to the relief requested in each count.

Following a hearing, the county court agreed with Defendant that the proposed amended complaint did not contain sufficient allegations to support a punitive damages claim. The county court initially stated it was denying Plaintiff's motion to amend without prejudice, but later clarified it was granting leave to amend the complaint to add the punitive damages claim. The county court did not enter a written order immediately following the hearing.

The county court later held a hearing on a motion to clarify its oral ruling, but no hearing transcript has been provided to us. Following the hearing, the county court entered an order granting Plaintiff's motion to amend and deeming the proposed amended complaint attached to the original motion for leave to amend to be filed as of the date of the order. This appeal follows.

An order granting a motion for leave to assert a punitive damages claim is reviewed de novo. *Fed. Ins. Co. v. Perlmutter*, 376 So. 3d 24, 34 (Fla. 4th DCA 2023).

A party cannot plead a punitive damages claim unless the party makes "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2024). "A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (2024).

2

Under section 768.72, "'[i]ntentional misconduct' means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." § 768.72(2)(a), Fla. Stat. (2024). "Gross negligence," in turn, "means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." § 768.72(2)(b), Fla. Stat. (2024). To constitute "intentional misconduct" or "gross negligence" warranting recovery of punitive damages, the defendant's conduct must be "outrageous and reprehensible enough to merit punishment." *Perlmutter*, 376 So. 3d at 33–34; *see also Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo*, 357 So. 3d 703, 706 (Fla. 4th DCA 2023) (recognizing that punitive damages are reserved for "truly culpable conduct" and intended to "express society's collective outrage" (citations and internal quotation marks omitted)).

In considering a motion for leave to assert a punitive damages claim, courts must apply a two-step analysis. First, the court must determine whether the proposed amended complaint contains sufficient allegations to support a punitive damages claim. *Perlmutter*, 376 So. 3d at 32; *Varnedore v. Copeland*, 210 So. 3d 741, 745 (Fla. 5th DCA 2017) ("Absent sufficient allegations, there would be neither a reason nor a framework for analyzing the proffered evidentiary basis for a punitive damages claim."). Second, if the allegations in the proposed amended complaint are sufficient, the court then must consider whether the plaintiff has established a reasonable evidentiary basis for recovering punitive damages consistent with those allegations. *Perlmutter*, 376 So. 3d at 33–34. Stated differently, the court must determine "whether a reasonable jury, viewing the totality of proffered evidence in the light most favorable to the movant, could find by clear and convincing evidence that punitive damages are warranted." *Id.* at 34. If the motion is to be granted, the court must make an affirmative finding that the necessary evidentiary showing has been made. *Leinberger v. Magee*, 226 So. 3d 899, 901 (Fla. 4th DCA 2017); *Petri Positive Pest Control, Inc. v. CCM Condo. Ass'n*, 174 So. 3d 1122, 1122 (Fla. 4th DCA 2015); *Varnedore*, 210 So. 3d at 747–48.

Here, despite expressly recognizing that Plaintiff's proposed amended complaint did not contain sufficient allegations to support a punitive damages claim, the county court nonetheless granted the motion to amend. This error alone warrants reversal. *See Varnedore*, 210 So. 3d at 745 ("In order to perform its function as a gatekeeper, the trial court must understand the specific claim proposed by the plaintiff that may justify an

award of punitive damages."). Moreover, reversal is required because the proposed amended complaint did not contain any allegations that Defendant's conduct constituted intentional misconduct or gross negligence as defined in section 768.72. Instead, Plaintiff merely alleged that Defendant's conduct could "reasonably be expected to abuse or harass." That allegation tracks the language of section 559.72(7), Florida Statutes (2024), and supports Plaintiff's underlying claim for violation of the FCCPA, but it is insufficient to support a punitive damages claim under section 768.72. *See Tallahassee Title Co. v. Dean*, 411 So. 2d 204, 205–06 (Fla. 1st DCA 1982) (although a violation of the FCCPA entitles plaintiff to actual damages, it does not entitle plaintiff to punitive damages absent an additional showing of "malicious intent" or "wanton, malicious or gross and outrageous" conduct (citation omitted)); *Story v. J.M. Fields, Inc.*, 343 So. 2d 675, 677–78 (Fla. 1st DCA 1977) (holding that while defendant's conduct in making frequent and harassing phone calls could support a claim for actual damages under the FCCPA, punitive damages were not warranted absent evidence of malice).[1]

Further, even if the allegations in the proposed amended complaint were sufficient, Plaintiff failed to establish a reasonable evidentiary basis for recovering punitive damages. The only evidence which Plaintiff proffered in support of her punitive damages claim consisted of the aforementioned text messages sent from Defendant to Plaintiff. While those text messages' language may be harsh and might arguably be considered abusive and/or harassing for purposes of Plaintiff's FCCPA claim, Defendant's conduct in sending those text messages fails to rise to the level of intentional misconduct or gross negligence needed to support a punitive damages claim. *See Perlmutter*, 376 So. 3d at 35 (proving intentional misconduct under section 768.72(2)(a) requires evidence of "specific intent, not general intent, to knowingly engage in wrongful conduct"); *Valladares v. Bank of Am. Corp.*, 197 So. 3d 1, 11 (Fla. 2016) (gross negligence under section 768.72(2)(b) is "equivalent to the conduct involved in criminal manslaughter"). To further compound the error, the county court failed to make an affirmative finding that Plaintiff made the requisite evidentiary showing before granting the motion for leave to assert a punitive damages claim.

Accordingly, we reverse the county court's order granting leave to amend the complaint to add a punitive damages claim and remand for

---

[1] These cases pre-date the enactment of section 768.72, Florida Statutes, but the proof required under the statute is generally the same as the proof required under the common law standards. *See generally McLane Foodservice Inc. v. Wool*, 49 Fla. L. Weekly D2106 (Fla. 3d DCA Oct. 16, 2024).

further proceedings consistent with this opinion.

   *Reversed and remanded.*

FORST, J., concurs.
ARTAU, J., concurs in result only.

*        *        *

   **Not final until disposition of timely filed motion for rehearing.**