# Third District Court of Appeal

## State of Florida

Opinion filed July 9, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1719
Lower Tribunal No. 20-17447-CA-01
_____

**Fernando Costantini Gomes**,
Appellant,

vs.

**Victor Maniglia, et al.**,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Hink Law Firm, P.A., and Ronald R. Hink, for appellant.

J. Muir & Associates, P.A., and Jane W. Muir, for appellee Victor Maniglia.

Before SCALES, C.J., and LOGUE, and LOBREE, JJ.

SCALES, C.J.

Fernando Gomes, the defendant below, appeals an August 28, 2024 non-final order permitting Victor Maniglia, the plaintiff below, to assert a claim for punitive damages under Florida's Adult Protective Services Act ("the Act"). This Court has jurisdiction. <u>See</u> Fla. R. App. P. 9.130(a)(3)(G). Because Maniglia failed to follow the procedures required for seeking punitive damages under section 768.72 of the Florida Statutes (2024) and Florida Rule of Civil Procedure 1.190, we reverse the challenged order without prejudice to Maniglia filing a proper motion to amend that complies with the statute and rule.

## I.    RELEVANT FACTS AND PROCEDURAL BACKGROUND

On August 14, 2020, Maniglia filed an initial complaint against Gomes in the Miami-Dade County circuit court, alleging that Maniglia is a "vulnerable adult" under the Act and that Gomes – as Maniglia's alleged stepbrother, caregiver, trustee and power of attorney – has "exploited" Maniglia for Gomes's own personal benefit and the benefit of Gomes's mother (Maniglia's stepmother). Maniglia's initial complaint seeks punitive damages pursuant to section 415.1111 of the Florida Statutes.[1]

---

[1] Under the Act, "[a] vulnerable adult who has been abused, neglected, or exploited as specified in [Chapter 415] has a cause of action against any perpetrator and may recover actual and punitive damages for such abuse, neglect, or exploitation." § 415.1111, Fla. Stat. (2024).

Nearly four years into the litigation and after extensive discovery, Maniglia filed "Plaintiff's Motion for Entry of Order Determining Reasonable Basis of Claim for Punitive Damages" ("Punitive Damages Motion"). Maniglia's Punitive Damages Motion purports to set forth a detailed proffer of evidence in support of punitive damages under the Act. Rather than attaching a proposed amended complaint to his Punitive Damages Motion that includes the new factual allegations contained in his evidentiary proffer, Maniglia simply attached a copy of his initial complaint to the motion.

After conducting a hearing on Maniglia's Punitive Damages Motion, the trial court entered the challenged, August 28, 2024 non-final order that (i) strikes, as unauthorized, the punitive damages claim from the initial complaint, (ii) treats the initial complaint as the "amended complaint," and (iii) grants the motion. Gomes timely appealed the challenged order.

## II.    ANALYSIS[2]

Where, as here, a plaintiff sues under a statute that authorizes recovery of punitive damages but does not provide the procedure for pleading entitlement thereto, the plaintiff must comply with the requirements for seeking punitive damages set forth in section 768.72 and rule 1.190. See

---

[2] "This Court reviews *de novo* whether a party should be allowed to plead a punitive damages claim." Friedler v. Faena Hotels & Residences, LLC, 390 So. 3d 186, 187 n.1 (Fla. 3d DCA 2024).

WFTV, Inc. v. Hinn, 705 So. 2d 1010, 1011 (Fla. 5th DCA 1998) ("Section 540.08(2), Florida Statutes (1997) authorizes recovery of punitive damages, but does not provide any procedure by which such claim may be pled. . . . [S]ections 540.08 and 768.72 should be read together. Although section 540.08 allows for the recovery of punitive damages, the procedure enacted by the legislature in section 768.72 must be followed."); State Capital Ins. Co. v. Mattey, 689 So. 2d 1295, 1297 (Fla. 3d DCA 1997) ("Reviewing the sections at issue, we find no clear-cut reason why the two should not be read in harmony. Section 624.155 does not delineate the *procedure* by which a claim for punitive damages is to be pled, section 768.72 provides that procedure.") (citation omitted); Varnedore v. Copeland, 210 So. 3d 741, 743 (Fla. 5th DCA 2017) ("The Florida Legislature enacted statutory thresholds and Florida's Supreme Court adopted complementary procedures that govern the proof and pleadings required to pursue punitive damages.").

To this end, a plaintiff who wishes to recover punitive damages in a civil case must first seek and obtain leave of the trial court to assert such a claim. See § 768.72(1), Fla. Stat. (2024); Fla. R. Civ. P. 1.190(f); Five Fran, LLC v. Davis, 404 So. 3d 581, 584 (Fla. 3d DCA 2025). The trial court must strike, as unauthorized, a punitive damages claim asserted in the initial complaint, notwithstanding the likelihood that the court will subsequently

4

authorize the plaintiff to amend the initial complaint to include a claim for punitive damages. See Mayer v. Frank, 659 So. 2d 1254, 1255 (Fla. 4th DCA 1995).

Further, when a plaintiff moves to amend his or her complaint to assert a claim for punitive damages, the plaintiff must provide the trial court and the defendant with a copy of a proposed amended complaint that provides a reasonable basis for the recovery of such damages. See Fla. R. Civ. P. 1.190(a); Whitehall at Bal Harbour Condo. Ass'n v. Raviv, No. 3D24-0589, 2025 WL 699922, at *2 (Fla. 3d DCA Mar. 5, 2025); Varnedore, 210 So. 3d at 745. The plaintiff's failure to file a proposed amended complaint that provides a reasonable basis for recovering punitive damages is reversible error. See Downtown Towing Co. v. Energy-Cargo MGT, LLC, 390 So. 3d 678, 678-79 (Fla. 3d DCA 2024).

Here, while the trial court properly struck the punitive damages claim from Maniglia's initial complaint because the claim was not authorized, see § 768.72(1), Fla. Stat. (2024); Fla. R. Civ. P. 1.190(f), we conclude that the trial court committed reversible error by subsequently treating the initial complaint as the proposed "amended complaint" and granting Maniglia's Punitive Damages Motion. Without the benefit of a proposed amended complaint, the trial court cannot undertake its "gatekeeper" role of

5

determining whether there is reasonable basis for recovery of punitive damages, and it is "unreasonably difficult for [defendants] to prepare and argue their position." <u>Varnedore</u>, 210 So. 3d at 745-46.

Accordingly, we affirm that aspect of the challenged order that strikes the punitive damages claim from Maniglia's initial complaint, and reverse the remainder of the challenged order without prejudice to Maniglia filing a proper motion to amend below that complies with section 768.72 and rule 1.190's procedural requirements.[3]

Affirmed in part, reversed in part.

---

[3] We express no opinion as to whether Maniglia's evidentiary proffer provided a reasonable basis for the recovery of punitive damages.