# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-2290, 3D25-0049
Lower Tribunal No. 24-10094-CA-01

_____

**Marcia Levine,**
Appellant,

vs.

**Rosemary Levai, etc., et al.,**
Appellees.

Appeals from a non-final order from the Circuit Court for Miami-Dade County, David Craig Miller, Judge.

Kubicki Draper, P.A., and Barbara E. Fox, for appellant.

Wolfe Law Miami, P.A., and Richard C. Wolfe; Reed Smith LLP, and Lara T. Gatz, for appellees.

Before FERNANDEZ, MILLER and BOKOR, JJ.

BOKOR, J.

Rosemary and Max Levai are the surviving wife and son of Pierre Levai. They filed suit against Paul Cowan, a lawyer, and Marcia Levine, Pierre's longtime girlfriend, in a dispute over Pierre's estate. The complaint alleges that Cowan and Levine defrauded the estate by manipulating Pierre while he was seriously ill with dementia; it includes claims for elder abuse, conversion, civil conspiracy, interference with inheritance, and prays for declaratory relief regarding the validity of certain testamentary documents.

On November 4, 2024, the Levais sought leave to amend the pleadings by adding claims for punitive damages. The motion to amend the pleadings did not attach a proposed amended complaint. But it did proffer an extensive narrative concerning Cowan and Levine's actions during Pierre's final days. It also speculated as to the observations, beliefs, and intentions of third parties. The proffer ultimately rested on the Levais' written affirmation: "I hereby verify that to the best of my knowledge each of the foregoing facts are true and correct."[1]

---

[1] We do not reach or decide the issue of whether the Levais' proffer was sufficient to support the motion to amend. Under section 92.525(2), Florida Statutes, a declaration may, in some instances, be verified "to the best of my knowledge and belief." But we note that when this framing wholly insulates a declarant from the truth of the matter asserted, they have done little more than verify the sincerity of their belief without offering facts based on personal knowledge. We therefore question, but need not decide here, whether such a declaration furnishes a "reasonable basis" to recover punitive damages, as required by section 768.72(1), Florida Statutes. See Greenspire Glob., Inc.

A hearing on the motion to amend was set for December 17, 2024. Five days before the hearing, Cowan and Levine moved to strike the motion, arguing that the failure to attach the proposed amended complaint rendered the motion defective. The Levais filed the proposed amended complaint later that day. When the hearing came up as scheduled five days later, the court granted the Levais leave to amend the complaint and assert claims for punitive damages. Cowan and Levine filed this timely appeal.

We have jurisdiction to review an order granting leave to amend the pleadings to add a claim for punitive damages. See Fla. R. App. P. 9.130(a)(3)(G); In re Amend. to Fla. Rule of App. Proc. 9.130, 345 So. 3d 725, 726 (Fla. 2022). The standard of review is de novo. McLane Foodservice Inc. v. Wool, 400 So. 3d 757, 760 (Fla. 3d DCA 2024).

Section 768.72, Florida Statutes, gives defendants a substantive right to be free from any punitive damages claim until a trial court determines that

v. Sarasota Green Grp., LLC, 363 So. 3d 1150, 1152 (Fla. 2d DCA 2023) (explaining that a qualified affidavit reflecting information and belief is insufficient to ground a claim for punitive damages and, additionally the affidavit was "fatally flawed" where the affiant "failed to disclose how he could have personal knowledge" of another's intent); see also Estes v. Rodin, 259 So. 3d 183, 199 (Fla. 3d DCA 2018) ("Accordingly, as the verification of Appellants' Second Amended Complaint was qualified in nature, it failed to constitute legally sufficient evidence to establish a basis for personal jurisdiction over Appellees."); Gromann v. Avatar Prop. & Cas. Ins. Co., 345 So. 3d 298, 300 (Fla. 4th DCA 2022); Ballinger v. Bay Gulf Credit Union, 51 So. 3d 528, 529 (Fla. 2d DCA 2010).

3

there is a reasonable basis to assert it. Globe Newspaper Co. v. King, 658 So. 2d 518, 519 (Fla. 1995). This right gives rise to procedural standards facilitating the trial court's so-called "gatekeeping" function. Whitehall at Bal Harbour Condo. Ass'n, Inc. v. Raviv, 410 So. 3d 674, 677–78 & n.3 (Fla. 3d DCA 2025). The plaintiff must (1) file a motion including legally sufficient allegations; and (2) establish, by the appropriate quantum of proffered evidence, that the conduct in question amounts to "intentional misconduct" or "gross negligence." Id. at 677–78 (citing Vaziri v. Jenkins, 400 So. 3d 634, 636–37 (Fla. 4th DCA 2025), and Varnedore v. Copeland, 210 So. 3d 741, 746 (Fla. 5th DCA 2017)). Otherwise, "there would be neither a reason nor a framework" for the court to exercise its gatekeeping function. Varnedore, 210 So. 3d at 745.

Rule 1.190 structures these procedural safeguards by requiring that a motion to add claims for punitive damages "shall be served on all parties at least 20 days before the hearing." Fla. R. Civ. P. 1.190(f). But the rule also states that "[i]f a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion." Id. (a). "Rule 1.190(f) does not waive or dispense with the requirement to attach the proposed amended pleading to the motion to amend." Fetlar, LLC v. Suarez, 230 So. 3d 97, 99 (Fla. 3d DCA 2017); see also Bentley Condo. Ass'n, Inc. v.

4

Bennett, 321 So. 3d 315, 317 (Fla. 3d DCA 2021) ("We read this rather unambiguous rule as requiring that *both* a claimant's motion to amend – which, by virtue of rule 1.190(a), **must include** the proposed amended complaint – and any evidence . . . be filed and served no later than twenty days before the scheduled hearing on the motion." (second emphasis added)); Taylor v. City of Lake Worth, 964 So. 2d 243, 244 (Fla. 4th DCA 2007) (holding that attachment under 1.190(a) is "a mandatory requirement").

Because a motion to amend a complaint by adding claims for punitive damages is also a motion to amend a pleading, it must comply with both rule 1.190(a) and 1.190(f). This is required even when the plaintiff includes a proffer in the body of the motion, and even when the amended pleading adds nothing beyond the bare claim of punitive damages. Fetlar, 230 So. 3d at 99. Section 768.72, Florida Statutes, mandates strict enforcement of these procedural safeguards even though "in some cases the result might elevate form over substance." WFTV, Inc. v. Hinn, 705 So. 2d 1010, 1011 (Fla. 5th DCA 1998) (citing Mayer v. Frank, 659 So. 2d 1254 (Fla. 4th DCA 1995)). The Levais failed to follow the mandatory requirement of attaching the proposed amended complaint with the motion "at least 20 days before the hearing." Fla. R. Civ. P. 1.190(f). The trial court therefore erred in granting

5

the noncompliant motion. We therefore vacate the order granting the motion to amend, and reverse and remand with instructions to deny the motion to amend.

Reversed and remanded with instructions.