# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

Case No. 6D2025-1405
Lower Tribunal No. 2024-CA-000083

————————————————

TURO, INC.,

Appellant,

v.

CYNTHIA MOBLEY, A'SHARI CALHOUN, WILLIE CALHOUN, TONT'YONA LITTLES, ALAYA LOTT-GRAY, DARRIASHA WIMBERLY, individually, and CYNTHIA MOBLEY, as parent and natural guardian of C.C., a minor,

Appellees.

————————————————

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Polk County.
Reinaldo Ojeda, Judge.

January 30, 2026

WOZNIAK, J.

Turo, Inc. appeals an order granting Appellees' Motion to Amend Complaint to Add Punitive Damages.[1] We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(G). Turo argues that the proffer of evidence supporting Appellees' motion was insufficient to support the inclusion of a claim for punitive damages. We reverse

---

[1] Appellees, who were the plaintiffs below, are Cynthia Mobley, independently and as parent and natural guardian of C.C., A'shari Calhoun, Willie Calhoun, Tont'yona Littles, Alaya Lott-Gray, and Darriasha Wimberly.

because, as Turo argues, Appellees failed to meet their burden under section 768.72, Florida Statutes (2023), to make a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."

Background

Appellees filed suit against Turo and Paulo Henrique Simoes de Oliveira[2] following a motor vehicle accident that occurred in May 2023. The initial complaint alleged that Turo was an "online car sharing platform that advertises and promotes specific vehicle owners to customers interested in renting a vehicle." Turo "advertised and promoted" Oliveira's vehicle on its platform, and Appellees rented this vehicle. When Appellees picked up the vehicle, the driver, Mobley, turned the car on and noticed that the tire pressure sensor light was illuminated. Mobley, through the Turo application on her phone, messaged Oliveira about the warning light; Oliveira responded that the "light is on all the time, one of the sensors are not working, tires are great." Shortly into the Appellees' drive, the right rear tire of Oliveira's vehicle blew out, "causing the vehicle to fishtail, veer off the road into the median grass, and flip several times." One of the passengers was killed and all others claim injury.

---

[2] Oliveira is not a party to this appeal.

Following discovery, Appellees filed a motion to amend their complaint to add a claim for punitive damages, alleging that Turo's actions amounted to "intentional misconduct" or "gross negligence" and attaching their proposed Second Amended Complaint.

In their motion, Appellees alleged that Turo requires vehicle owners to complete a pre-trip inspection, which includes taking photographs of the interior and exterior of the vehicle and to complete a checklist. After each rental, the renter is prompted by Turo to provide feedback on the rental by rating the vehicle and addressing any concerns the renter had with the vehicle. Turo also requires that the vehicles on its platform pass an annual inspection by a "qualified mechanic" for the vehicle to be listed on its application.

Prior to the underlying accident, Oliveira's vehicle was rented seventy-nine times, and of those seventy-nine rentals, fifty-five of the pre-trip inspection photographs indicated that the tire pressure warning light was illuminated. The pictures were shared between the vehicle owner and renter; Turo's corporate representative testified that Turo does not review these photographs in its normal course of business. With respect to the annual inspection, Turo's employees review for completeness a form submitted to them following the inspection to see if the inspection is marked as either "pass or fail." Beyond reviewing the inspection form, Turo does not "independently validate annual inspections." Appellees presented no evidence that Oliveira's vehicle failed its annual inspection. Turo's corporate

3

representative then confirmed that if Turo had known that the tire pressure light had been illuminated, then Turo "would have restricted the car." Turo's corporate representative maintained, however, that no renter reported to Turo that the tire pressure light had been illuminated.

Appellees note that as part of the post-trip feedback, several renters had relayed an issue with the tire pressure sensor light. This post-trip feedback is broken down into several categories: structured feedback, public feedback, Turo feedback, and private feedback. In the structured feedback of one post-trip review, a renter in December 2021 rated the maintenance of the vehicle as having four out of five stars and indicated that there was an issue with "[l]ow tire pressure." In the public feedback of that same post-trip review, the renter wrote, "The tire pressure sensor is on. Do not bother to try to fill up the tires as the sensor does not work. Other than that, the truck served its purpose." No comments were made in the "Turo Feedback" section of the review. In a November 2022 post-trip review, another renter in the structured feedback section rated Oliveira's vehicle as four out of five stars for maintenance, indicating, again, that there was "[l]ow tire pressure." A third and fourth renter in January and April 2023, respectively, did the same. None of the reviewers left feedback specifically for Turo.

Turo's corporate representative testified that Turo tracks structured feedback insofar as a vehicle's "ratings fall below a certain level," which may trigger "a removal from the marketplace." However, Turo's corporate representative also

4

testified that none of the renters who had an issue with the tire pressure light reached out to Turo "and said they had a complaint of those items." Turo's corporate representative characterized the structured feedback as a datapoint that is captured but explained that he is not aware of any algorithm in place to "pick[] up on information put into reviews to determine whether there was a maintenance issue."

The trial court granted Appellees' motion for leave to add a punitive damages claim. The trial court found compelling Turo's corporate representative's acknowledgement that Turo had the ability to restrict vehicles on its platform that do not meet its requirements, which include vehicles that have dashboard warning lights illuminated. In fifty-three of the seventy-nine pre-trip inspections prior to the Appellees' rental, the vehicle had a dashboard warning light—the tire pressure sensor—illuminated. Turo did not review any of the pre-trip inspection photographs revealing that the warning light was illuminated; had it done so, the vehicle would have been restricted according to Turo's corporate representative. Additionally, the trial court relied on the four post-trip reviews indicating that Oliveira's vehicle had low tire pressure, which Turo's corporate representative admitted were never reviewed.

Analysis

We review an order granting a motion for leave to amend to add punitive damages de novo. *Mercer v. Saddle Creek Transp., Inc.*, 389 So. 3d 774, 776 (Fla. 6th DCA 2024) (citing *Est. of Despain v. Avante Grp., Inc.*, 900 So. 2d 637, 644

5

(Fla. 5th DCA 2005)). We, like the trial court, view the evidence proffered in the light most favorable to the plaintiffs, do not weigh the evidence, and do not evaluate witness credibility; however, we need not accept the allegations at face value. *Id.* (citing *701 Palafox, LLC v. Scuba Shack, Inc.*, 367 So. 3d 624, 627 (Fla. 1st DCA 2023)).

"Punitive damages are a form of extraordinary relief for acts and omissions so egregious as to jeopardize not only the particular plaintiff in the lawsuit, but the public as a whole, such that a punishment—not merely compensation—must be imposed to prevent similar conduct in the future." *Mercer*, 389 So. 3d at 776-77 (quoting *BDO Seidman, LLP v. Banco Espirito Santo, Int'l*, 38 So. 3d 874, 876 (Fla. 3d DCA 2010)). Section 768.72(1) provides the framework for allowing a party to seek punitive damages: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat.; *see also* Fla. R. Civ. P. 1.190(f) ("A motion for leave to amend a pleading to assert a claim for punitive damages shall make a reasonable showing, by evidence in the record or evidence to be proffered by the claimant, that provides a reasonable basis for recovery of such damages."). Thereafter, a defendant may be held liable for punitive damages only if the trier of fact finds, by clear and convincing evidence, that the defendant is "personally guilty

of <u>intentional misconduct</u> or <u>gross negligence</u>." § 768.72(2), Fla. Stat. (emphasis added).[3]

"[T]he court must consider both the pleading component and the evidentiary component of each motion to amend to assert punitive damage claims." *Varnedore v. Copeland*, 210 So. 3d 741, 744 (Fla. 5th DCA 2017). In so doing, "[t]rial courts act as gatekeepers during the amendment process, and they should only allow a party to amend its complaint to seek punitive damages if a reasonable basis exists for recovery." *Mercer*, 389 So. 3d at 777 (citing *Bistline v. Rogers*, 215 So. 3d 607, 611 (Fla. 4th DCA 2017)).[4]

---

[3] "In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) and . . . [the] legal entity actively and knowingly participated in . . . [or] knowingly condoned, ratified, or consented to such conduct." § 768.72(3)(a) & (b), Fla. Stat. Turo has not argued that the requirements of section 768.72(3) were not met, only that Appellees did not make the showing required in section 768.72(2), Florida Statutes.

[4] As we have previously acknowledged, Florida courts "are divided on the quantum of proof a plaintiff must offer to amend its pleadings to add punitive damages." *Mercer*, 389 So. 3d at 777 n.1 (declining to weigh in on the inter-district split). In *Perlmutter*, the Fourth District held that the trial court must "make a <u>preliminary determination</u> of whether a reasonable jury, viewing the totality of proffered evidence in the light most favorable to the movant, could find by clear and convincing evidence that punitive damages are warranted." *Fed Ins. Co. v. Perlmutter*, 376 So. 3d 24, 34 (Fla. 4th DCA 2023) (en banc), review granted, No. SC2024-0058, 2024 WL 4948685 (Fla. Dec. 3, 2024). The Second and Fifth Districts, however, have held that section 768.72 does not require that the plaintiff prove an entitlement to punitive damages by clear and convincing evidence when moving for leave to amend. *See Cook v. Fla. Peninsula Ins. Co.*, 371 So. 3d 958, 961-62 (Fla. 5th DCA 2023) (stating that clear and convincing evidence reflects

Turning first to whether the allegations and supporting evidence provide a "reasonable basis" for recovery under a theory of intentional misconduct, we hold they do not. Intentional misconduct requires "actual knowledge of the wrongfulness of the conduct" and that the negligent party "intentionally pursued that course of conduct" despite knowing that a high probability of injury would occur. § 768.72(2)(a), Fla. Stat. Appellees in their motion did not relate any of Turo's actions as falling under the umbrella of intentional misconduct, urging only generally that their allegations and evidence supported such a theory. However, intentionality was neither sufficiently pled in their proposed amended complaint nor supported by the proffered evidence.

Appellees acknowledge in their proposed amended complaint that Turo did not review the pre-trip inspection reports; accordingly, we cannot find "actual knowledge" of the tire warning light exists by virtue of that allegation. To the extent that Appellees allege Turo could have actual knowledge of the tire warning light by virtue of the post-trip feedback, the evidentiary support is lacking. The post-trip feedback from renters prior to Appellees does not contain any comments in the "Turo

plaintiff's burden at trial, and trial court should decide motion for leave to amend under same standard as whether complaint states cause of action); *Deaterly v. Jacobson*, 313 So. 3d 798, 801 (Fla. 2d DCA 2021) (reasoning that punitive damages statute "does not mandate that a trial court require a claimant to prove the entitlement to punitive damages by clear and convincing evidence at the pleading stage").

We, again, decline to weigh in on this conflict because under either standard, we find that Appellees have failed to meet their burden.

8

feedback" section for Turo to review. Accordingly, the post-trip feedback would not have supplied Turo with any actual knowledge of the warning light. Finally, Appellees assert that Mobley reached out directly to Turo the day she rented the vehicle; however, again, the evidence does not match the allegation. Mobley reached out to <u>Oliveira</u>, not Turo, via the Turo application. To the extent Appellees attempt to impute some employer-employee relationship between Oliveira and Turo to show that Oliveira's actual knowledge could supply the missing link, they presented no evidence to suggest such a relationship.

Because the allegations and the evidentiary support, taken together, fail to show that Turo had actual knowledge of any wrongful conduct, Appellees' punitive damages claim fails as to intentional misconduct.

Turning next to whether the allegations and supporting evidence provide a "reasonable basis" for recovery under a theory of gross negligence, they again do not. To demonstrate gross negligence, Appellees had to make a "reasonable showing" that Turo's conduct "was so reckless or wanting in care that it constituted a conscious disregard or indifference to [Appellees'] life, safety, or rights." § 768.72(2)(b), Fla. Stat.

Gross negligence is a high bar, and we do not agree that Turo's alleged constructive knowledge of a faulty warning light combined with its failure to restrict access to that vehicle clears this hurdle. Guiding this answer are several cases that provide examples of more egregious behavior that has fallen short. *See White Constr.*

*Co. v. Dupont*, 455 So. 2d 1026, 1027-28 (Fla. 1984) (holding that accident did not warrant punitive damages despite defendants' knowledge that the loading vehicle's brakes had been defective for some time), *receded from on other grounds by Murphy v. Int'l Robotic Sys., Inc.*, 766 So. 2d 1010, 1016 (Fla. 2000); *Est. of Williams ex rel. Williams v. Tandem Health Care of Fla., Inc.*, 899 So. 2d 369, 377-78 (Fla. 1st DCA 2005) (holding that death of a nursing home resident from a fall did not warrant punitive damages even though resident had fallen before and defendant took no steps to prevent future falls); *Gerber Child.'s Ctrs., Inc. v. Harris*, 484 So. 2d 91, 91-92 (Fla. 5th DCA 1986) (holding that injuries sustained by a toddler who fell out of a window did not warrant punitive damages even though several employees warned defendant that the window's glass was unsafe).

In sum, because there was no reasonable showing, either by evidence in the record or by proffer, that Turo was guilty of intentional misconduct or gross negligence, Appellees failed to meet their burden under section 768.72 to show there was a reasonable basis for recovery of punitive damages. It was, therefore, error to grant Appellees' motion for leave to add a punitive damages claim to their complaint. Accordingly, we reverse and remand for proceedings consistent with this opinion.

REVERSED and REMANDED.

STARGEL and SMITH, JJ., concur.

10

Daniel S. Weinger and Matthew R. Wendler, of Luks, Santaniello, Petrillo, Cohen & Peterfriend, Fort Lauderdale, for Appellant.

Karl. F. Pansler, Chase R. Pansler, and Charles F. Pansler, of The Pansler Law Firm, P.A., Lakeland, for Appellees.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED